LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

A CAB, SERIES L.L.C,

    Debtor.

Case No. 22-14361-nmc
Chapter 11

Date:   October 3, 2023
Time:  9:30 a.m.

**OBJECTION TO PROOF OF CLAIM OF**
**<u>LEON GREENBERG, P.C., CLAIM NO. 16</u>**

**TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT......................................................................................1

II.     JURISDICTION AND VENUE.................................................................................3

III.    STATEMENT OF FACTS............................................................................................3

        A.      The Commencement of the Murray Case and Dubric Case. ..................................3

        B.      The Various Extraneous Litigations. ........................................................................4

                1.      The Garnishment and Resulting Litigation...............................................4

                2.      The Fraudulent Transfer Case........................................................................5

                3.      The Involuntary Chapter 7 Case. ................................................................5

                4.      The Gagliano Case .........................................................................................6

                5.      The Murray Claimants' Various Requests for a Receiver. .......................6

                6.      The Dubric Settlement ..................................................................................6

        C.      The Appellate Decision and Further Proceedings on Remand. ..........................6

        D.      Initial Events Occurring Post-Petition. ..................................................................8

        E.      Overview of the Debtor's Plan as Originally Filed. ..............................................9

        F.      The Greenberg Claim.................................................................................................11

        G.      Greenberg P.C.'s Stonewalling of Discovery on the Greenberg Claim. .............13

        H.      Additional Relevant Recent Events. ........................................................................15

IV.     LEGAL ARGUMENT................................................................................................17

        A.      Standard of Decision and Burden of Proof. ...........................................................17

        B.      The Unliquidated Portion Must be Disallowed Due to Repeated Failures to
                Provide Properly Itemized Fee Statements in Support. ........................................18

        C.      Fees and Costs Incurred in Extraneous Matters Must be Disallowed. .................20

        D.      Fees and Costs Incurred in Defense of the Greenberg Claim Must be
                Disallowed. ...............................................................................................................22

        E.      Fees and Costs Incurred by Other Counsel Must be Disallowed...........................23

        F.      Fees and Costs Incurred Post-Petition are All Still Claims in this Case................24

V.      RESERVATION OF RIGHTS.................................................................................26

VI.     CONCLUSION .........................................................................................................26

i

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

A Cab, Series L.L.C., f/k/a A Cab, LLC, a Nevada series limited liability company, as debtor and debtor in possession (the "Debtor"), submits its objection (the "Claim Objection") to the proof of claim filed by Leon Greenberg, P.C. ("Greenberg P.C."), Claim No. 16, filed on February 17, 2023 and as supplemented on February 20, 2023 (the "Greenberg Claim"), a copy of which is attached as **Exhibit 1** and **Exhibit 2**, respectively. This Claim Objection is made and based on the points and authorities herein and the attached exhibits, the *Declaration of Matthew C. Zirzow, Esq.* (the "Zirzow Declaration"), and the *Request for Judicial Notice* (the "RJN") filed in support, the papers and pleadings on file in this case, judicial notice of which are requested, and any argument the Court may entertain at the time of the hearing on the Claim Objection.

## I.      SUMMARY OF ARGUMENT

This Claim Objection is directed to the unliquidated portion of the Greenberg Claim ($789,924.54 and future amounts), which has not yet been adjudicated by any court, and which the Debtor disputes on numerous grounds as hereinafter explained.

*First*, the unliquidated portion of the Greenberg Claim must be disallowed in full because Greenberg P.C. has failed to provide time sheets detailing the work allegedly performed, on a daily basis, with adequate task descriptions, and an itemization of costs. In fact, Greenberg P.C. has failed to provide such documentation now on multiple occasions -- both as an attachment to its proof of claim, and also in discovery on that claim when that information was specifically requested by the Debtor, which it simply stonewalled. Instead, Greenberg P.C. apparently believes that it need only furnish a general summary of its fees and a short declaration of counsel as sufficient evidence of its alleged fees and costs. The applicable caselaw and rules, however, clearly require documentation in the form of detailed time sheets with specific tasks listed on a daily basis such that the reasonableness of the fees and the necessity of the expenses can be evaluated. Accordingly, all of the unliquidated portions of the Greenberg Claim should be disallowed due to its repeated failures to furnish sufficiently detailed documentary proof in support. In fact, as hereinafter explained, this lack of detail also prevents a proper analysis of other issues with the amount of fees and costs asserted as well.

1

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

*Second*, and in the alternative, the unliquidated portion of the Greenberg Claim also must be disallowed to the extent Greenberg P.C. seeks to recover its attorney's fees and costs incurred in the various pre-petition litigations and appeals other than the Murray Case itself, including any fees and costs allegedly incurred in efforts to seek to collect that award (including also in this Chapter 11 Case), because there is no authority allowing it to recover fees and costs on such collateral matters. Although work in the Murray Case itself to get to judgment may be compensable -- if that decision is affirmed on appeal, which remains an open question, and thus is at best only a contingent claim at present -- there is no express authorization for the recovery of fees and costs for any other work outside of that case. This is another reason why Greenberg P.C.'s failure to produce detailed time sheets is fatal to its unliquidated claim, because it apparently lumps together fees and costs incurred in a variety of other cases other than the Murray Case itself, including fees and costs incurred in this Chapter 11 Case, which it does not have the legal right to recover. Greenberg P.C. apparently believes the applicable law grants it a "blank check" to run up whatever fees and costs it can, however, that is simply not the case. Accordingly, all fees and costs Greenberg P.C. claims for any work outside of the Murray Case, including all of the collateral litigations, appeals, and this Chapter 11 Case, all must be disallowed.

*Third*, to the extent the Greenberg Claim asserts a right by Greenberg P.C. to recover the attorney's fees and costs it allegedly has incurred in defense of its own claim for fees and costs, those are also not compensable as a matter of law, and must be disallowed. Given Greenberg P.C's repeated failures to produce detailed time records, however, a proper review of this issue cannot be done.

*Fourth*, to the extent the Greenberg Claim asserts a right by Greenberg P.C. to recover attorney's fees and costs allegedly incurred by other counsel, it lacks the standing to assert such claims. Again, given Greenberg P.C's repeated failure to produce detailed time records, however, a proper review of this issue cannot be done.

*Fifth*, to the extent the Greenberg Claim asserts a right by Greenberg P.C. to recover for it

alleged post-petition fees and costs or alleged fees and costs it may incur in the future, and to the extent it further asserts that those are not claims in this Chapter 11 Case, the Court should overrule such argument. Such claims are within the fair contemplation of what existed pre-petition, and simply because they may be contingent, unliquidated and/or disputed presently does not prevent them from still being claims in this bankruptcy case.

## II.    JURISDICTION AND VENUE

1.    The Debtor owns and operates a taxi service in Las Vegas, Nevada. Additional information regarding the Debtor, its business, and its reasons for filing for bankruptcy protection are included in the *Omnibus Declaration of Creighton J. Nady in Support of the Debtor's Initial Emergency Motions and Related Relief* [ECF No. 23].

2.    On December 12, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing its bankruptcy case (the "Chapter 11 Case"). The Debtor has elected to proceed under Subchapter V, and thus is authorized to continue operating its business as a debtor in possession pursuant to section 1184 of the Bankruptcy Code. Nathan Smith has been appointed as the Subchapter V Trustee.

3.    The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and LR 1001(b)(1). The Bankruptcy Court has core jurisdiction over the Greenberg Claim pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance and disallowance of claims against the estate). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    STATEMENT OF FACTS

### A.    The Commencement of the Murray Case and Dubric Case.

4.    In 2012, various taxi drivers (collectively, the "Murray Plaintiffs") filed a class action complaint against the Debtor in the Eighth Judicial District Court, Clark County, Nevada, entitled Murray, *et al.* v. A Cab, Case No. A-12-669926-C (the "Murray Case"), for alleged violations of the Nevada Minimum Wage Act under the Constitution of the State of Nevada.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

3

Greenberg P.C. represented the Murray Plaintiffs in this case. RJN, Ex. 1.

5. On July 7, 2015, and thus while the Murray Case was still pending, nearly all of the Murray Plaintiffs (collectively, the "Dubric Plaintiffs") filed a complaint against the Debtor in Nevada State Court, styled as Dubric, *et al.*, v. A Cab, Case No. A-15-721063-C (the "Dubric Case"), which asserted a nearly identical class action case for the same wage and hour claims as pled in the Murray Case. Bourassa Law Group ("Bourassa"), not Greenberg P.C., represented the Dubric Plaintiffs in the Dubric Case. RJN, Ex. 2.

6. On August 21, 2018, the Nevada State Court presiding over the Murray Case entered an order and judgment in favor of the Murray Plaintiffs, as amended by an order entered October 22, 2018 (the "Original Murray Judgment"). RJN, Exs. 3 and 4.

7. The Debtor appealed the Original Murray Judgment and certain post-judgment orders to the Nevada Supreme Court, NSC Appeal No. 77050, which appeal remained pending until December 31, 2021. In the meantime, and while this appeal remained pending, various events took place, including a settlement with almost all of the same claimants in a different case and represented by different counsel, efforts by the Murray Claimants to interfere with that other case, and also the Murray Claimants' various efforts to collect on the Original Murray Judgment through various means as hereinafter detailed.

**B.    The Various Extraneous Litigations.**

**1.    The Garnishment and Resulting Litigation.**

8. On September 17, 2018, the Murray Claimants executed on various bank accounts of various specific series cells other than the Debtor, and the total amount garnished was not less than $233,620.54. This collection action was done shortly before payments to taxicab drivers were due, and almost resulted in the near shutdown of the entire business. In order to save the business, Creighton J. Nady ("Mr. Nady") had to infuse from his own personal funds back into the company so that it had sufficient funds to make payments to its workers.

9. This garnishment directed to a company other than the Debtor also lead to A Cab Series LLC Administration Company, as plaintiff, filing a separate lawsuit, Case No. A-19-

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

4

792961-C, against Michael Murray and other parties, as defendants, on April 15, 2019. Greenberg P.C. represented the individual defendants in that litigation. RJN Ex 5.

**2.    The Fraudulent Transfer Case**

10.    On March 11, 2019, certain of the Murray Plaintiffs filed a new complaint via Greenberg P.C. in Nevada State Court, styled as Murray v. Nady, *et al.*, Case No. A-19-790884-C (the "Fraudulent Transfer Case"), which pled claims against Mr. Nady personally, as well as various of his family members, including his wife and children, for the avoidance and recovery of alleged fraudulent transfers pursuant to NRS chapter 112. RJN, Ex. 6.

11.    The Fraudulent Transfer Case was later stayed pursuant to the parties' stipulation dated May 31, 2019, and also due to the Murray Plaintiffs and their counsel filing an involuntary bankruptcy petition against the Debtor, as explained more fully below. RJN, Ex. 7.

12.    The defendants in the Fraudulent Transfer Case assert that the fraudulent transfer claims are without merit because all payments made to them were made in the ordinary course of business, and for legitimate business expenses, including mostly for actual and necessary services they rendered to or for the benefit of the Debtor's business.

**3.    The Involuntary Chapter 7 Case.**

13.    On April 12, 2019, Greenberg P.C. by and on behalf of itself and certain of the Murray Plaintiffs, as petitioning creditors, filed an involuntary petition for chapter 7 liquidation against the Debtor, Case No. 19-12252-mkn (the "Involuntary Case"), and apparently on the theory that their potential recovery from the Debtor needed to be protected by that proceeding pending the outcome of certain appeals then pending from the Murray Case before the Nevada Supreme Court. RJN, Ex. 8.

14.    On September 26, 2019, the Bankruptcy Court entered an order abstaining in the form of a dismissal as to the Involuntary Case, and in its written decision, indicated that it was doing so principally because of the unresolved appeals from the Murray Case remained pending before the Nevada Supreme Court. RJN, Ex. 9.

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

5

**4.    The Gagliano Case**

15.    On September 20, 2019, as amended on October 20, 2022, A Cab Series LLC, Administration Company, as plaintiff, also filed suit against Wendy Gagliano and Michael Brauchle, as defendants, Case No. A-19-802346-C for breaches of contract due to their breach of severance agreements.  Greenberg P.C. represented the defendants in this case as well.  RJN Ex. 10.  This matter remained pending as of the Petition Date.

**5.    The Murray Claimants' Various Requests for a Receiver.**

16.    The Murray Plaintiffs also sought to appoint a receiver over the Debtor at numerous times while the appeal from the Original Murray Judgment remained pending, as noted in an order entered by the Nevada State Court on February 22, 2021.  RJN Ex. 11.

17.    The Murray Claimants took an appeal from this decision denying their request for a receiver to the Nevada Supreme Court, NSC Appeal No. 82539 (the "Receiver Appeal").

**6.    The Dubric Settlement**

18.    On August 31, 2021, the Nevada State Court approved a settlement in the Dubric Case (the "Dubric Settlement Order") between the Debtor and the Dubric Plaintiffs, which settlement the Debtor fully funded in the amount of $224,529, as well as attorney's fees and costs to the Bourassa, as counsel to the Dubric Plaintiffs, of an additional $57,500.  RJN Ex. 12.

19.    On September 8, 2021, Greenberg P.C., purportedly on behalf of the Murray Claimants, appealed the Dubric Settlement Order to the Nevada Supreme Court, as NSC Appeal No. 83492 (the "Dubric Appeal").

**C.    The Appellate Decision and Further Proceedings on Remand.**

20.    On December 30, 2021, the Nevada Supreme Court issued an opinion and remittitur, which directed certain modifications to the Original Murray Judgment, including a reduction of the amount of damages awarded, and remanded the matter back for further proceedings.  RJN Ex. 13.

21.    After remand of the Murray Case back to the Nevada State Court, further proceedings ensued, including the entry of a modified judgment for additional attorney's fees,

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

6

and continued request for the appointment of a receiver over the Debtor.

22.    On February 17, 2022, the Nevada Supreme Court entered an order in the Receiver Appeal reversing and remanding the matter back to the Nevada State Court and directed it to consider the request for appointment of a receiver on its merits.  RJN Ex. 14.

23.    On May 3, 2022, the Nevada State Court entered an order staying the Murray Case pending a decision on the Dubric Appeal (the "Stay Order"), and because the Court indicated that there was a possibility of a double recovery by the claimants.  RJN Ex. 15.  The Murray Plaintiffs filed a writ of mandamus to the Nevada Supreme Court from this decision, NSC Appeal No. 84456, but that writ was denied by order entered on September 23, 2022.  RJN Ex. 16.

24.    On August 11, 2022, the Nevada Supreme Court entered an order affirming the Dubric Settlement Order, and thus denying Greenberg P.C.'s attempt to undue that decision.  RJN Ex. 17.

25.    On November 17, 2022, the Nevada State Court, via a different judge, entered numerous orders in the Murray Case disposing of various pending matters post-remand, as follows:

(a)    Entry of a judgment in favor of the Murray Plaintiffs in the principal amount of $685,886.60 as of August 21, 2018, plus post-petition interest accruing thereon, for alleged wages owing for the period of October 8, 2010 through December 31, 2015, RJN Ex. 18;

(b)    Entry of a modified award of attorney's fees and costs in favor of Greenberg P.C. in the principal amount of $541,271, together with interest accruing thereon from August 21, 2018, for its work on the Murray Case, RJN Ex. 19;

(c)    Entry of an additional award of attorney's fees and costs in favor of Greenberg P.C. arising out the appeal from the Original Murray Judgment in the amount of $63,760, RJN Ex. 20; and

(d)    Staying further decision on various additional requests by the Murray

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Plaintiffs for attorney's fees and costs related to receivership proceedings pending the Court's determination of whether it would appoint a receiver over the Debtor, which renewed receivership hearing was set for hearing at a later date.  RJN Ex. 21.

26.    In sum, the Murray Claimants' total claims as approver by the Nevada State Court as of the Petition Date, inclusive of interest through that date, are approximately $870,000, and the total amounts awarded to Greenberg P.C., as counsel, inclusive of interest through the Petition Date, and after certain offsets, is approximately $744,000, for an aggregate total of approximately $1,614,000.

27.    The Murray Claimants' request for a receiver over the Debtor was eventually rescheduled to be heard by the Nevada State Court on December 15, 2022.  RJN, Ex. 22.

28.    Accordingly, faced with the possibility of the Murray Claimants seeking an imminent collection of their judgment and fee awards, which the Debtor lacked the financial ability to pay all at once, and when the Murray Plaintiffs had previously garnished a related company's bank account that nearly shut the Debtor down, and also faced with the imminent possibility of a receiver being appointed over its business in a matter of days, which could have caused substantial dislocation and disruption in its business, and in order to bring about a resolution of all of these matters, while preserving its operations and protecting the value of the business, the Debtor sought bankruptcy protection.

**D.    Initial Events Occurring Post-Petition.**

29.    The Debtor's *Notice of Chapter 11 Bankruptcy Case* [ECF No. 2] set a deadline for filing proofs of claim of February 21, 2023.

30.    The Debtor's filed bankruptcy schedules listed the claim of Greenberg P.C. as contingent, unliquidated and disputed.  [ECF No. 1, p. 8, and ECF No. 41, pp. 6 and 32].

31.    Greenberg P.C. entered its appearance in the Chapter 11 Case on behalf of both the Murray Claimants and itself as alleged creditors.  [ECF No. 4].

32.    On December 14, 2022, the Debtor filed an appeal from the series of decisions the Nevada State Court entered on November 17, 2023 to the Nevada Supreme Court where the

appeal remains pending as Appeal No. 85850 (the "Murray Appeal").  Given the pendency of the Murray Appeal before the Nevada Supreme Court, the Nevada State Court lacks jurisdiction over the Murray Case.  Out of an abundance of caution, however, later that same day, the Debtor also removed whatever was left of the Murray Case to the Bankruptcy Court [ECF Nos. 14], where it is now pending as Adversary No. 22-1163-nmc.

**E.** **Overview of the Debtor's Plan as Originally Filed.**

33. On February 6, 2023, the Debtor filed its proposed *Chapter 11 Plan of Reorganization* (as may be amended, the "Plan") [ECF No. 65].  As a general overview, the Plan classifies creditors and equity into five (5) total classes, including Class 1 (Priority Unsecured Claims),; Class 2 (U.S. Small Business Administration), which involves a secured claim owing to the SBA arising out of an Economic Injury Disaster Loan secured in substantially all of its property in the amount of $123,217.04 as of the Petition Date; Class 3 (Other Secured Claims), which is a "placeholder" class in the event any other secured creditors; Class 4 (General Unsecured Claims), which is explained in greater detail hereinafter; and Class 5 (Equity).

34. The only impaired class of claims under the Debtor's Plan is Class 4 (General Unsecured Creditors).  Class 4 creditors with Allowed claims are proposed to receive their *pro rata* share of all of the following:  (a) the Debtor's disposable income, which was originally calculated at $900,000 over the next five (5) years, and which is payable in quarterly installments; (b) all undisbursed monies, if recoverable, from the trust account of Greenberg P.C., which is presently the sum of $303,694.54; and (c) Debtor's Employee Retention Tax Credit ("ERTC"), which it estimates will be about $570,905, if and when received.  Plan, p. 9. Notably, the Debtor stretched the length of its Plan out the full five (5) years, which is the maximum permitted in subchapter V, to maximize the distributions.

35. The Plan only pays claims that are Allowed, see Plan, p. 12, § 8.01, and provides that the claims of the Murray Plaintiffs are all Disputed Claims (which were also already disputed on the Debtor's filed bankruptcy schedules as well) because of the pendency of the Murray Appeal before the Nevada Supreme Court.  Id. p. 9, Class 4, ¶ 4.  As is standard in plans

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

of reorganization, the Plan provides that Disputed Claims like the Murray Plaintiffs will not receive any distribution unless and until their claims are allowed by a Final Order. Id. pp. 10-11, §§ 5.01 and 5.02. That having been said, and to avoid any prejudice to any holders of Disputed Claims like the Murray Plaintiffs pending the decision with respect to the allowance or disallowance of any Disputed Claims by Final Order (the Murray Appeal), the Plan provides that the Debtor will still deposit their applicable *pro rata* share of all payments attributable to their asserted claims into a Disputed Claims Reserve, which will be a separate segregated account, and hold such funds and not to be commingled with any other funds, pending the final allowance or disallowance decision by Final Order. Id. p. 9-10, and pp. 14-15, § 10.5.

36. The Plan then goes on to provide detailed payment procedures in the event the Murray Plaintiffs prevail and also if they lose in the Nevada Supreme Court. Id. p. 10. For example, if the Murray Plaintiffs prevail, and thus their claims are allowed by Final Order, then the Plan contemplates a release of all funds attributable to any Allowed claims from the Disputed Claims Reserve. In contrast, if the Murray Plaintiffs lose and thus their claims are disallowed by Final Order, then all of the monies put into the Disputed Claims Reserve attributable to their alleged claims is to be refunded back to the Debtor.

37. Simply put, the Plan allows for the Murray Appeal to proceed to a final determination before the Nevada Supreme Court, but also puts in place protections to prevent any prejudice to those claimants pending that decision, while at the same time, also allowing appropriate and immediate distributions to other alleged general unsecured claims who should not be prejudiced and have to wait before getting their own distributions in the case. These are commonly used procedures employed in chapter 11 plans to handle large contingent and unliquidated claims such as that presented in the case at hand.

38. As further means for its implementation, the Plan provides for a limited remand of the Murray Adversary back to Nevada State Court, but significantly, only after the Plan has been confirmed, and also further subject to various restrictions, so that that Court has clear guidance and does not run afoul of the Plan, and also to prevent the Murray Plaintiffs from running amok

and trying to do an "end run" around the Plan back in Nevada State Court. Id. § 7.02. Specifically, upon the occurrence of the Effective Date, the Plan provides that the Murray Adversary will be remanded, on a limited basis, back to the Nevada State Court for the sole and exclusive purpose of allowing the Murray Appeal, and any further subsequent proceedings related thereto in the Nevada State Court, to proceed for the sole purpose of determining by Final Order the final Allowed amount, if any, of the claims of the Murray Plaintiffs and/or their counsel. See id. Given that the limited purpose of the remand is only to adjudicate the final allowed amount of the foregoing claims only, including principally via the Murray Appeal, the Nevada State Court is prohibited from entering any order: (a) enforcing any judgment or award in favor of the Murray Plaintiffs or their counsel; (b) ordering, authorizing or directing any release, application or distribution of any and all funds, including the $303,694.54 held in the Greenberg P.C. trust account; (c) granting any other further relief that is otherwise inconsistent with the terms and conditions of the Plan, including without limitation any relief or enforcement against the Debtor or its specific cells or assets therein. See id. Additionally, the Plan provides that the Reorganized Debtor, not Greenberg P.C. or any other party, will make all payments under the Plan to creditors. Id. § 10.8.

39. Finally, the Plan provides an appropriate and limited injunction to ensure implementation and enforcement of its terms. Id. § 10.12. Related and necessary to the foregoing, the Plan also provides for an appropriate retention of jurisdiction to interpret, implement and enforce it. Id. § 8.08.

**F.     The Greenberg Claim.**

40. On February 17, 2023, Greenberg P.C. filed the Greenberg Claim in the Debtor's Chapter 11 Case, which asserted a total claim of $1,544,066 "and increasing of which $754,142 is liquidated." Greenberg Claim, p. 2, question 7. No supporting documents or exhibits were attached to the Greenberg Claim, however, it attached an Addendum providing a brief narrative explanation. Specifically, Greenberg P.C. asserted that it was owed attorney's fees not only for its work in the Murray Case in seeking an award for the Murray Plaintiffs, but also in the Dubric

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Case -- where it was not counsel for the claimants therein -- and in other cases where it did not seek the allowance of an award in favor of the Murray Plaintiffs, but rather other relief including the collection of an award for them, among other matters. Id. p. 2. The Addendum to the Greenberg Claim divides up its total asserted claim into two (2) portions: (a) a liquidated amount based on certain awards already rendered in the Murray Case totaling $754,142.17, inclusive of interest, through the Petition Date, Addendum, p. 2, and (b) an unliquidated portion in a known amount of $789,924.54 "and increasing in the future." Id. pp. 3-4.

41. *First*, as to the liquidated portion of the Greenberg Claim, this matter is obviously currently disputed by the pendency of the Muray Appeal pending before the Nevada Supreme Court, and also contingent on the underlying award to the Murray Claimants also being affirmed in that appeal as well.

42. *Second*, as to the unliquidated portion of the asserted Greenberg Claim, which has not yet been adjudicated by the Nevada State Court in the Murray Case, Addendum, pp. 2-3, the specific amounts asserted are as follows:

a. $48,692.97 ($46,400 in fees and $2,292.97 in costs) for work allegedly performed in the Receiver Appeal, plus interest from February 17, 2022, Id. p. 3, ll. 5-8.

b. At least $459,128 in attorney's fees for work allegedly performed after August 18, 2018 through the Petition Date, plus interest of $121,779 from August 18, 2018 through the Petition Date, which "is not otherwise itemized in this statement or subject to an award of fees by a prior court order." Id. p. 3, ll. 9-19.

c. Attorney's fees for services allegedly performed post-petition of at least $70,000, which Greenberg P.C. asserts are "continuing to increase," and which are asserted to be recoverable "pursuant to the Nevada Constitution and by operation of applicable bankruptcy law and precedent." Id. p. 3, ll. 20-28.

d. Costs of $71,389.29 allegedly incurred prior to the Petition Date, plus interest from August 18, 2018 through the Petition Date of $18,935.28, and thus a total of $90,324.57 (and another amount of costs not to exceed $2,000 that "have not yet been

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

itemized and determined).

       e.     An "unknown" amount of costs allegedly incurred post-petition, and which are continuing to accrue into the future, which Greenberg P.C. asserts are recoverable "pursuant to the Nevada Constitution and by operation of applicable bankruptcy law and precedent." Id. p. 4, ll. 12-17.

Except for item (a), the Greenberg Claim does not indicate whether all of the foregoing fees and costs were for services performed in the Murray Case or other matters.

43.    As to the unliquidated portion of both Greenberg P.C.'s alleged fees and costs incurred from and after the Petition Date, the Greenberg Claim also makes the following statement: "Claimant asserts, unless such amounts are determined to be post-petition claims not subject to treatment as pre-petition claims, they are entitled to" such post-petition amounts as well. As hereinafter explained, to the extent Greenberg P.C. is attempting to assert that any kind of administrative claim and/or an argument that certain parts of its claim are not subject to this Chapter 11 Case, it is clearly wrong as a matter of law.

44.    Finally, in what Greenberg P.C. calls a Supplement to the Greenberg Claim, it explains that its asserted claim "also includes all claims of creditors Christian Gabroy and Gabroy Law Office and Gabriel Del Virginia and the Law Offices of Gabirel Del Virginia who were are among the associated attorneys of Leon Greenberg Professional Corporation referenced in that proof of claim in that they have appeared as attorneys of record with Leon Greenberg Professional Corporation and have provided legal services in this case or one of more other matters providing the basis for that proof of claim as detailed in such proof of claim." In other words, the Greenberg Claim attempts to include the fees and costs of other counsel, and not just the fees and costs of Greenberg P.C. None of these other counsel as alleged creditors -- Christian Gabroy, Gabroy Law Office, Gabriel Del Virginia, and the Law Offices of Gabirel Del Virginia -- have filed their own proofs of claim in this Chapter 11 Case.

**G.**    **Greenberg P.C.'s Stonewalling of Discovery on the Greenberg Claim.**

45.    The Greenberg Claim had no itemization of any of the unliquidated fees and costs

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

13

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

asserted therein, including any kind of detailed fee statements identifying and providing chronologically the dates on which each professional performed the services, the amount of time spent by each person on each day that the person performed such services (and charged in reasonable increments such as units of one-tenth of an hour), and specific descriptions of the services performed by each person, including some kind of task categories -- such as is expected of professionals for the estate in their own fee applications.  This lack of required detail prevents a proper and meaningful review of the reasonableness of the fees and the necessity of the costs.

46.    As a result, on June 16, 2023, the Debtor served on Greenberg P.C. Requests for the Production of Documents (the "Debtor's RPDs"), which requested, among other related matters, "[a]ll itemized legal invoices, fee statements, and ledgers evidencing the $789,924.54 in 'unliquidated' amounts asserted in Proof of Claim No. 16 and the Supplement thereto filed in the Debtor's Chapter 11 Case . . . ."  Zirzow Decl., ¶ 2, Ex. 1.

47.    On July 17, 2023, Greenberg P.C. responded to the Debtor's Document Requests with a refusal to provide any documents in response to the requests relevant to this Claim Objection.  See Zirzow Decl., ¶ 3, Ex. 2.  Specifically, Greenberg P.C. asserted that its proof of claim "speaks for itself," and that "[n]o other documents constituting 'invoices' of 'fee statements' can reasonably be understood as being within the meaning of the request have been prepared by the responding party."  Id. p. 2.  In other words, Greenberg P.C. has admitted that it does not have any itemized fee statements reflecting the specific date, time, and tasks performed for any of the unliquidated portion of the fees and costs asserted in the Greenberg Claim.  Greenberg P.C. also refused to produce other documentation that the Debtor requested as well, such as any documentation regarding the alleged "co-counsel" or "associated" counsel.

48.    In sum, Greenberg P.C. was provided with multiple opportunities -- including when it first filed the Greenberg Claim with the Court, and also in response to the Debtor's Document Requests -- and it has steadfastly refused to provide detailed fee statements on both occasions.  As hereinafter explained, Greenberg P.C.'s failure to provide proper documentary support for the unliquidated portion of its fees and expenses claim is inexcusable, especially

given that it is one of the largest asserted claims in the case.

**H.    Additional Relevant Recent Events.**

49.    On May 9, 2023, Bourassa filed its latest status report in the Dubric Case still pending in Nevada State Court, RJN Ex. 23, which advised that on May 31, 2022, it had issued a total 867 checks to the class members in the amounts and mailed those checks to the last known address of each individual class member. Bourassa further advised that 270 of the 867 checks were returned as undeliverable. Bourassa asserted that it was able to perform advanced address searches (i.e. skip traces) on 257 class members whose check was returned by using Westlaw People Map Search of Public Records, a reputable research tool to locate a current address. Bourassa then stated that it had re-mailed the 257 checks to the most up to date address located. Bourassa advised that it continued to research additional addresses for the remaining 13 checks that have been returned to date and will continue to do so for any other checks that are returned to it. Additionally, Bourassa advised that it continued to receive phone calls from class members providing updated addresses to receive their check. To date, 395 checks have cleared Bourassa's trust account for the class action settlement fund. A list of the class members whose checks have cleared the trust account was attached to Bourassa's status report. Bourassa also advised that it was maintaining complete, accurate, and detailed records regarding the administration of the settlement fund and will provide the Court with a status report in 90 days. RJN Ex. 23.

50.    It is unknown when Bourassa will conclude his efforts to locate and disburse the remaining settlement monies to the Dubric Plaintiffs in his trust account, but upon the conclusion of those efforts, which may be determined at some point by the Nevada State Court, the Court's order provides that such undisbursed monies go back to the Debtor. Bourassa's latest status report filed in May 2023 reflects continued improvements on distributions to over its prior status reports.

51.    Until late July 2023, the Murray Appeal remained in the Nevada Supreme Court's Settlement Program, and thus no briefing on the merits or other proceedings ensued. Ultimately, however, the parties were unable to settle. As a result, on July 26, 2023, the Nevada Supreme

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

15

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Court entered an *Order Reinstating Briefing* in the Murray Appeal, which required the Debtor to submit its opening brief in that appeal within 90 days, and thus by late October.

52.    On August 23, 2023, the Debtor filed an application to employ the law firm of Lewis Roca Rothgerber & Christie, LLP as special counsel to act as appellate counsel for the Murray Appeal, and also requested limited stay relief to allow that appeal to proceed [ECF No. 319], which the Court orally approved at a hearing on August 30, 2023, and a written order is pending entry.

53.    The Debtor is filing an *Amendment to Plan of Reorganization* (the "Plan Amendment"), which made certain adjustments to the Debtor's projections, including most notably, increasing the Debtor's disposable income paid under the Plan from $900,000 under the Plan as originally filed, $1,436,000, an increase of $536,000 (prior to certain offsets) over the life of the Plan.  As such, adding to that the $303,000 in Greenberg P.C. Trust Account and the $571,000 in ERTC payments the Debtor expects to receive to that increased sum, that brings total payments to allowed unsecured claims under the Plan to roughly $2,310,000 (up from the $1,775,000 previously projected) over the 5-year life of the Plan.  The Debtor advised both the Subchapter V Trustee and Greenberg P.C. that it would be filing this Plan Amendment back on August 14, 2023, and thus several weeks prior to its filing with the Court.  In fact, the anticipated filing of the Plan Amendment, and the greatly increased distribution to general unsecured creditors as a result, was one of the reasons the parties agreed to continue the confirmation hearing on the Plan until October 2023 from its previously scheduled dates in August 2023.

54.    The Debtor's Plan is set for a confirmation hearing on October 11 and 13, 2023 [ECF No. 324], and the adjudication of the allowed amount of the Greenberg Claim is relevant to confirmation because the Debtor believes its Plan, as amended by the Plan Amendment (and after giving effect to available insurance coverage on the separate personal injury claims asserted by other claimants), provides for the payment in full of all allowed claims, including the liquidated portions of the Greenberg Claim, if the Court disallows the objected to, unliquidated portions thereof as set forth in this Claim Objection.

# IV.    LEGAL ARGUMENT

## A.    Standard of Decision and Burden of Proof.

Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Section 502(b) provides that once a claim objection is lodged, the Court, after notice and a hearing, shall determine the amount of the claim as of the petition date and "shall allow such claim in such amount" unless the claim falls under one of the nine (9) statutory grounds for disallowance listed in section 502(b)(1)-(9).

Under section 502(b)(1), a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because: such claim is contingent or unmatured."  The "applicable law" referenced in section 502(b)(1) includes bankruptcy law as well as other federal and state laws.  Durkin v. Benedor (In re G.I. Indus., Inc.), 204 F.3d 1276, 1281 (9th Cir. 2000).  Section 502(b)(l) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy."  Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450 (2007).

The form and content requirements for proofs of claim are set forth in Bankruptcy Rule 3001.  Bankruptcy Rule 3001(a) mandates that "[a] proof of claim shall conform substantially to the appropriate Official Form"—that is, Official Form 10 (Form 10).  Additionally, Bankruptcy Rule 9009 states that the Official Forms "shall be observed."  Fed. R. Bankr. P. 9009.  Paragraph 7 of Form 10 requires the claimant to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements" or a summary of such documents.  (emphasis added).

A proof of claim signed and filed in compliance with the Rules is *prima facie* evidence of the validity and amount of the claim.  Fed. R. Bankr. P. 3001(f).  The party objecting to the claim must produce evidence and show facts tending to defeat the sworn statements in the proof of

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

claim "by probative force equal to that of the allegations of the proofs of claim themselves." Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991) (quotation omitted). Put differently, when Rule 3001(f) applies, it creates a presumption as to the validity and amount of the claim. Boruff v. Cook Inlet Energy LLC (In re Cook Inlet Energy LLC), 583 B.R. 494, 501 (B.A.P. 9th Cir. 2018) (citing Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000)). To overcome this presumption and move forward with the claim objection proceeding, the objecting party needs to produce evidence sufficient to defeat the prima facie validity of the claim. Lundell, 223 F.3d at 1040. "In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." Id. (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)) (emphasis added by Lundell). "The ultimate burden of persuasion remains at all times upon the claimant" to prove its claim by a preponderance of the evidence. Lundell, 223 F.3d at 1039 (citing In re Holm, 931 F.2d at 623).

A proof of claim not filed in compliance with Rule 3001, however, is not entitled to *prima facie* validity. Although the mere fact of a failure to attach required documentation may not, standing alone, constitute a sufficient basis to deny a proof of claim without more, creditors have an obligation to respond to formal or informal requests for information, and thus if the creditor does not provide information or is unable to support its claim, then that raises an evidentiary basis to object to the unsupported aspects of the claim, thereby coming within section 502(b)'s grounds to disallow the claim. Heath v. Am. Express Travel Related Servs. Co., Inc. (In re Heath), 331 B.R. 424, 436-37 (B.A.P. 9th Cir. 2005).

**B.**     **The Unliquidated Portion Must be Disallowed Due to Repeated Failures to Provide Properly Itemized Fee Statements in Support.**

To the extent applicable, NRCP 54(d)(2)(B)(v), which governs the timing and contents of a motion for attorney's fees, requires that such a motion must be supported by:

> (a)     counsel's affidavit swearing that the fees were actually and necessarily incurred and were reasonable;
>
> (b)     documentation concerning the amount of fees claimed; and

18

(c)    points and authorities addressing the appropriate factors to be considered by the court in deciding the motion.

NRCP 54(d)(2)(B)(v) (emphasis added).    The reference in NRCP 54(d)(2)(B)(v)(b) to "documentation concerning the amount of fees claimed" is a reference to counsel's production of itemized legal invoices detailing the time incurred, and is notably a separate and distinct requirement from the requirement of a declaration from counsel seeking the fees, which is made clear by it being listed as a separate requirement and the use of the word "and" in the statute, thus clearly providing that both are required.

Bankruptcy law also similarly requires, at a minimum, supporting documentation like detailed time sheets to support an attorney's fees claim, because without those time sheets, the bankruptcy court cannot conduct a proper review of the fees (and costs) for their reasonableness. 1910 Partners v. Ass'n of Apartment Owners of Canterbury Place (In re 1910 Partners), BAP No. HI-16-1181-BTaL, 2017 WL 6273314, at *8 (B.A.P. 9th Cir. Dec. 8, 2017) (discussing an oversecured creditor's request for recovery of attorney's fees and costs under section 506, and requiring a review of detailed time sheets as part of the reasonableness inquiry) (citing Dalessio v. Panucho (In re Dalessio), 74 B.R. 721, 724 (B.A.P. 9th Cir. 1987) (same)).

Regarding a claim of expenses, under applicable Nevada caselaw, "[t]o support an award of costs, justifying documentation must be provided to the district court to demonstrate how such [claimed costs] were necessary to and incurred in the present action." In re DISH Network Derivative Litig., 401 P.3d 1081, 1093 n.6 (Nev. 2017).  Declarations by counsel that included a table noting litigation expenses extracted from a review of office records is insufficient because it does not provide justification for why each cost was necessary or proof that each cost was incurred in the present action. Id.; see also Cadle Co. v. Woods & Erickson, LLP, 345 P.3d 1049, 1054 (Nev. 2015) ("'[J]ustifying documentation' must mean something more than a memorandum of costs."); Bobby Berosini, Ltd. v. PETA, 971 P.2d 383, 386 (Nev. 1998) (concluding the district court abused its discretion in awarding costs where parties did not provide itemization or justification of certain costs incurred); Village Builders 96, L.P. v. U.S.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

19

Labs., Inc., 112 P.3d 1082, 1092-93 (Nev. 2005) (explaining that providing justification for each copy made or call placed is necessary in order for the district court to properly assess whether the cost was actually incurred and reasonable).

In the case at hand, Greenberg P.C. has failed to provide proper detail of its unliquidated fees and costs on multiple occasions to date, including both as an attachment to its proof of claim and also in discovery on that claim when that information was specifically requested of it. Instead, Greenberg P.C. apparently believes that it need only furnish a summary of its fees and a declaration of counsel only generally attesting to the fees as sufficient evidence of its alleged fees and costs, however, the caselaw and applicable rules clearly require actual documentation in the form of detailed time sheets with specific tasks listed on a daily basis such that the reasonableness of the fees and the necessity of the expenses can be evaluated.  This is the same level of scrutiny applicable to estate professionals when they submit their own fee applications to this Court for the allowance of their fees and costs, and is not too much to ask of one of the largest, if not the largest claim asserted in the case, and indeed a claim bigger than that of the underling employees.  Accordingly, all of the unliquidated portions of the Greenberg Claim should be disallowed due to a lack of proper and sufficient documentary proof thereof.

**C.    Fees and Costs Incurred in Extraneous Matters Must be Disallowed.**

Alternatively, the Court should disallow any attorney's fees and costs asserted in the Greenberg Claim to the extent they were incurred for work performed in any matters other than in the Murray Case, or any appeals from that case, because such recoveries are not expressly authorized by the applicable governing authority.

There is no general right to recover for attorney's fees and cost for actions in bankruptcy cases.  Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co., 549 U.S. 443, 448 (2007) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975) ("American Rule" limits recovery of attorney fees).  Bankruptcy law, however, will enforce state statutes or clauses in contracts authorizing fees unless bankruptcy law expressly disallows the fees.  Travelers, 549 U.S. at 452.  The Supreme Court has acknowledged that the American Rule is a

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

"bedrock principle" requiring "specific and explicit" authority to deviate from the rule and award fees. Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121, 126 (2015) (quoting Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252-53 (2010); Alyeska Pipeline, 421 U.S. at 260. Travelers involved a creditor's claim against the bankruptcy estate, but the Court did emphasize the presumption "that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." 549 U.S. at 452. In a footnote, Travelers points out that the relevant California and Oregon statutes applied only to an "action on a contract" which did not apply to the claims asserted in the three cases. Id. at n.3.

Under Nevada law, attorney's fees are not recoverable "unless authorized by statute, rule, or agreement between the parties." First Interstate Bank of Nev. v. Green, 694 P.2d 496, 498 (Nev. 1985). The Nevada Supreme Court has "repeatedly refused to imply provisions not expressly included in the legislative scheme." State Indus. Ins. Sys. v. Wrenn, 762 P.2d 884, 886 (Nev. 1988). This includes interpretation of attorney-fee award provisions. See e.g., First Commercial Title v. Holmes, 550 P.2d 1271 (Nev. 1976) (refusing to interpret attorney fees clause at issue  as permitting a fee award incurred in an action to enjoin a trustee's sale); Campbell v. Nocilla, 692 P.2d 491 (Nev. 1985) (refusing to construe a contractual attorney fees provision so broadly that it encompassed an indemnity action based on negligence and tortious conduct).

NRS § 608.140 states:

> Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit.

NRS § 608.140 (emphasis added).

Similarly, the Nevada Constitution provides for a private cause of action to enforce the

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

provisions of the Minimum Wage Amendment:

> An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. <u>An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs.</u>

Nev. Const. art. 15, § 16 (emphasis added).

Litigating bankruptcy issues is not compensable under a general state law fee-shifting provision. <u>Eruchalu v. U.S. Bank</u>, No. 2:12-cv-1264-GMN-VCF, 2016 WL 10649421, at *2 (D. Nev. July 28, 2016) (applying Nevada law; denying a creditor's request for an award of attorney's fees and costs incurred in a debtor's bankruptcy case); <u>Bos v. Board of Trustees</u>, 818 F.3d 486, 490 (9th Cir. 2016) (holding that a nondischargeability proceeding was not an action "on a contract" within the meaning of a California fee-shifting statute, and thus denying a motion for recovery of attorney's fees and costs in litigating that bankruptcy matter as a result).

At best, the Nevada Constitution and NRS Chapter 608 allow for recovery of fees and costs in favor of Greenberg P.C. to get to the judgment in the Murray Case in Nevada State Court, and any direct appeals from that case only to the Nevada Supreme Court. Nothing in that authority expressly allows for the recovery of fees and costs incurred in any other cases, including without limitation, this Chapter 11 Case. Accordingly, the Court should disallow the unliquidated portion of the Greenberg Claim to the extent it seeks any fees and costs incurred in any cases other than the Murray Case and any appeals directly from that case to the Nevada Supreme Court. Again, due to Greenberg P.C.'s repeated failures to provide detailed time records in support of the Greenberg Claim, it is impossible to determine what portion of the amounts asserted are implicated by this issue.

**D.      <u>Fees and Costs Incurred in Defense of the Greenberg Claim Must be Disallowed.</u>**

Similarly, to the extent the Greenberg Claim asserts a recovery for attorney's fees and costs Greenberg P.C. allegedly incurred in defense of its own claims for attorney's fees and

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

costs, such fees and costs are not compensable as a matter of law, and due again to the lack of any express authorization for them in the applicable governing authorities. Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121 (2015) (citing Alyeska Pipeline Service Co., 421 U.S. at 260). Accordingly, to the extent the unliquidated portion of the Greenberg Claim seeks a recovery of any fees and costs Greenberg P.C. allegedly has incurred in defense of its own claims to attorney's fees and costs, those fees and costs are not recoverable as a matter of law because there is no explicit authority for such recovery. Again, because the Greenberg Claim fails to provide any itemized detail of the fees and costs that it seeks to recover in the first place, it is impossible to determine how much of its fees and costs asserted are implicated by this issue.

**E.      Fees and Costs Incurred by Other Counsel Must be Disallowed.**

To the extent the Greenberg Claim includes attorney's fees and costs for not only itself, but also other attorneys and/or law firms as well, Greenberg P.C. lacks the standing to assert such claims, and those third parties were required to file their own proofs of claim.

Bankruptcy Rule 3001(b) provides that "[a] proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided by Rules 3004 and 3005." Fed. R. Bankr. P. 3001(b) (emphasis added). Bankruptcy Rule 3002 provides that "[a] secured creditor, unsecured creditor or equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005." Fed. R. Bankr. P. 3002 (emphases added). Finally, Bankruptcy Rule 3003 also specifically references that a "creditor" is the party to file a proof of claim. See Fed. R. Civ. P. 3003(1) and (2).

The Bankruptcy Code defines the term "creditor" to include "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A) (emphasis added). A "claim" is defined as either a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5)(A)-(B). "The 'right to payment' [means] nothing more nor less than an enforceable

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

obligation." <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 83 (1991) (quoting <u>Pa. Dept. of Public Welfare v. Davenport</u>, 495 U.S. 552, 559 (1990)).

Each claimant is required to timely file their own, individualized, separate proof of claim. <u>In re N. Bay Hosp., Inc.</u>, 404 B.R. 443, 462-63 (Bank. S.D. Tex. 2009); <u>In re Cont'l Airlines Corp.</u>, 64 B.R. 874, 880 (Bankr. S.D. Tex. 1986) ("the process of requiring individual proofs of claim can and does work, and avoids the substantial difficulties of ascertaining standing and scope of authority" of third-party representatives"); <u>In re Standard Metals Corp.</u>, 48 B.R. 778, 784 (D. Colo. 1985) ("[t]he requirement that each creditor must file a proof of claim should be strictly enforced"). Accordingly, proofs of claim filed by parties other than those who have standing to enforce the claim should be disallowed. <u>See</u> <u>In re Benyamin</u>, 596 B.R. 789, 794-95 (Bankr. S.D.N.Y. 2019) (expunging a proof of claim because the claimant did not have standing to file it); <u>In re Smoak</u>, 461 B.R. 510, 517 (Bankr. S.D. Ohio 2011).

As applied to the case at hand, the Greenberg Claim should be disallowed to the extent it seeks to assert claims on behalf of Malcolm Gabroy/Gabroy Law Offices, Gabriel del Virginia/Law Office of Gabriel del Virginia, or any other party. Again, given Greenberg P.C.'s repeated refusals to furnish sufficient itemization of its fees and costs, it is difficult to ascertain exactly how much it inappropriately seeks to claim on behalf any third parties.

**F.      <u>Fees and Costs Incurred Post-Petition are All Still Claims in this Case.</u>**

A "claim" is broadly defined under the Bankruptcy Code, and includes a right to payment or equitable remedy "whether or not such right is reduced to judgment, liquidated, <u>unliquidated</u>, fixed, <u>contingent</u>, matured, unmatured, <u>disputed</u>, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5) (emphases added). The Bankruptcy Code utilizes this "broadest possible definition" of claim to ensure that "all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." <u>Cal. Dep't of Health Servs. v. Jensen (In re Jensen)</u>, 995 F.2d 925, 929-30 (9th Cir. 1993).

Federal law determines when a claim arises under the Bankruptcy Code. <u>ZiLOG, Inc. v. Corning (In re Zilog, Inc.)</u>, 450 F.3d 996, 1000 (9th Cir. 2006). "It is well-established that a

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

claim is ripe as an allowable claim in a bankruptcy proceeding even if it is a cause of action that has not yet accrued." Cool Fuel, Inc. v. Bd. of Equalization (In re Cool Fuel, Inc.), 210 F.3d 999, 1007 (9th Cir. 2000). The Ninth Circuit has adopted the "fair contemplation" test for determining when a claim accrues for the purposes of section 502(b). Zilog, 450 F.3d at 1000; Cool Fuel, 210 F.3d at 1007; Jensen, 995 F.2d at 930. Under that test, a claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law. Cool Fuel, 210 F.3d at 1007.

"In general, if the creditor incurs the attorneys' fees postpetition in connection with exercising or protecting a prepetition claim that included a right to recover attorneys' fees, the fees will be prepetition in nature, constituting a contingent prepetition obligation that became fixed postpetition when the fees were incurred." In re SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.), 571 F.3d 826, 844 (9th Cir. 2009); see also In re Castellino Villas A.K.F. LLC, 836 F.3d 1028, 1034 (9th Cir. 2016) (applying the "fair contemplation" test to hold that the continued litigation of a pre-petition claim post-petition, and a resulting claim for attorney's fees incurred post-petition, were still subject to discharge in the bankruptcy case). "So long as the right to collect the fees existed pre-petition, the fact that the fees were actually incurred during the postpetition period is not relevant to the determination of whether the creditor has an allowable pre-petition claim for the fees." In re SNTL Corp., 571 F.3d at 843 (quoting In re The New Power Co., 313 B.R. 496, 508 (Bankr. N.D. Ga. 2004) (footnote omitted); Decker v. Kadjevich (In re Kadjevich), 220 F.3d 1016 (9th Cir. 2000) (refusing to grant administrative expense priority to an award of attorney's fees and costs under a fee-shifting statute for post-petition continuation of pre-petition lawsuit because it was a pre-petition claim).

Accordingly, to the extent the Greenberg Claim asserts an unliquidated claim for post-petition or "future" attorney's fees and costs, and also that those amounts are somehow not "claims" subject to this Chapter 11 Case, it is clearly wrong. Instead, all fees and costs incurred, whether incurred pre-petition or post-petition, are all claims in this Chapter 11 Case. Simply because such future claims for attorney's fees and costs have not been incurred and/or they may

25

be contingent, unliquidated, or disputed does not render them any less "claims" pursuant to the broad definition in section 101(5) of the Bankruptcy Code, and thus claims in this case.

## V.    RESERVATION OF RIGHTS

The Debtor reserves all rights to object to all other aspect of the Greenberg Claim, including without limitation:  (a) in the pending Murray Appeal, which seeks a reversal of the Final Murray Judgment, which reversal, if granted, would void any award of fees and costs in favor of Greenberg P.C., whether as to its liquidated or its unliquidated portions; and (b) determination of the validity, extent or priority of liens against estate property, including without limitation the sums garnished and remaining in Greenberg P.C.'s attorney trust account.

## VI.    CONCLUSION

WHEREFORE, the Debtor requests that the Court enter an order:

1.    Disallowing all unliquidated amounts of fees and costs asserted in the Greenberg Claim in their entirety due to a lack of sufficient and detailed supporting documentation itemizing such matters.

2.    Alternatively, disallowing all unliquidated amounts of fees and costs asserted in the Greenberg Claim incurred for all of the following matters:

   (a)    In any matters outside of the Murray Case or any direct appeals from that judgment only, including all fees and costs allegedly incurred in the collection of any awards, including the receivership proceedings, and in this Chapter 11 Case;

   (b)    In defense of the Greenberg Claim; and

   (c)    On behalf of any person other than Greenberg P.C., including any fees and costs of Malcolm Gabroy/Gabroy Law Offices, Gabriel del Virginia/Law Office of Gabriel del Virginia, or any other person.

3.    Additionally, to the extent the Greenberg Claim asserts a right to recover any fees and costs post-petition or in the future, hold that they are all pre-petition claims that are subject to this Chapter 11 Case.

4.    For such other and further relief as is just and proper.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

26

Dated:  August 31, 2023.

By:    /s/ Matthew C. Zirzow
      LARSON & ZIRZOW, LLC
      ZACHARIAH LARSON, ESQ.
      Nevada Bar No. 7787
      E-mail: zlarson@lzlawnv.com
      MATTHEW C. ZIRZOW, ESQ.
      Nevada Bar No. 7222
      E-mail: mzirzow@lzlawnv.com
      850 E. Bonneville Ave.
      Las Vegas, Nevada 89101

      Attorneys for the Debtor

**LARSON & ZIRZOW, LLC**
**850 E. Bonneville Ave.**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT 1

**Fill in this information to identify the case:**

Debtor 1      A CAB SERIES LLC   fka A CAB LLC

Debtor 2      _____
(Spouse, if filing)

United States Bankruptcy Court for the:   District of Nevada

Case number   22-14361_____

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | **Who is the current creditor?** | LEON GREENBERG PROFESSIONAL CORPORATION _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor    _____ |
| 2. | **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes.   From whom? _____ |

| | | | |
| --- | --- | --- | --- |
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Leon Greenberg, Attorney<br>_____<br>Name<br>1811 S. Rainbow Blvd Suite 210<br>_____<br>Number      Street<br>Las Vegs        NV      89146<br>City           State       ZIP Code<br><br>Contact phone   702-383-6085 _____<br>Contact email   leongreenberg@overtimelaw.com | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br>_____<br>Number      Street<br>_____<br>City           State       ZIP Code<br><br>Contact phone   _____<br>Contact email   _____ |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |

| | | |
| --- | --- | --- |
| 4. | **Does this claim amend one already filed?** | ☑ No<br>☐ Yes.   Claim number on court claims registry (if known) _____      Filed on _____<br>                                              MM   / DD   / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes.   Who made the earlier filing? _____ |

Official Form 410                                      **Proof of Claim**                                      page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

Total of $1,544,066 and increasing of which $754,142 is liquidated - see addendum

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. **See addendum**

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:    APPELLATE BOND FUNDS OF $303,694.54 HELD IN WELL FARGO IOLTA OF LEON GREENBERG, ATTORNEY, ACCOUNT #8226330226 MAY BE AVAILABLE TO SATISFY SOME PORTION OF THE CREDITOR'S CLAIM

**Basis for perfection:**

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**:    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

---

Official Form 410    **Proof of Claim**    page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br><br>☐ Yes. *Check one:* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

F

Executed on date   2/17/2023
_____

/s/ Leon Greenberg
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Leon Greenberg | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1811 S. Rainbow Blvd Suite 210 | | |
| | Number          Street | | |
| | Las Vegas, NV 89146 | | |
| | City | State | ZIP Code |
| Contact phone | 702-383-6085 | Email | leongreenberg@overtimelaw.com |

LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd- Suite 210
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

LAW OFFICES OF GABRIEL DEL VIRGINIA
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
gabriel.delvirginia@verizon.net
Admitted *Pro Hac Vice*

Attorneys for Creditor
Leon Greenberg Professional Corporation
Attorneys for Class Creditors
Michael Murray, and Michael Reno, individually
and on behalf of others similarly situated,

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **IN RE:**       ) | **Case No.: BK-22-14361-nmc** |
| ) | **Chapter 11** |
| ) | |
| ) | |
| ) | |
| **A CAB, SERIES L.L.C.** ) | **ADDENDUM TO PROOF OF** |
|    **fka A CAB, LLC** ) | **CLAIM OF CREDITORS** |
| ) | **LEON GREENBERG** |
| **Debtor(s)** | **PROFESSIONAL** |
| _____ | **CORPORATION** |

The following provided details as to the nature of the claims made by Leon

Greenberg Professional Corporation and presented by a proof of claim in this case.

**NATURE OF CLAIMS:** Claims are for attorney's fees owed and

litigation costs (and as permitted interest on the same) advanced by Leon Greenberg

Professional Corporation and associated counsel for legal services provided in

connection with employee claims arising under Nevada's Constitution, Article 15,

1

Section 16, the Nevada Minimum Wage Amendment. That law provides for a mandatory award of attorney's fees and costs to employees who secure judgments for the award of unpaid minimum wages and for activities undertaken to satisfy such judgments. Such services were provided in connection with the following matters, all originating in the Eighth Judicial District Court, State of Nevada, and in related or supplementary legal proceedings, including but not limited to appeals, resulting from judgments and orders rendered therein or otherwise: *Murray v. A Cab*, A-12-669926-C; *Dubric v. A Cab,* A-15-721063-C; *A Cab Series LLC Administration Company v. Murray*, A-19-792961-C; *A Cab Series LLC Administration Company v. Michael Murray, Michael Reno and Leon Greenberg*, A-19-790911-C; *A Cab Series LLC Administration Company v. Wendy Gagliano*, A-19-802346-C; and *Murray v. Creighton J. Nady*, A-19-790884-C.

**LIQUIDATED ATTORNEY FEE  CLAIM AMOUNTS:** The following portions of the claim made have been liquidated and determined in amounts set forth in orders of the Eighth Judicial District Court, State of Nevada, in *Murray v. A Cab*, A-12-669926-C, such Orders being in the possession of the Debtor;

$541,271 in attorney's fees pursuant to the Order of November 11, 2022, for attorney's fees owed for work performed on or prior to August 18, 2018, asserted to accrue interest from August 18, 2018, through the Petition filing date in the amount of $143,566.57 in the total amount of $684,837.67;

$63,760 in attorney's fees pursuant to the Order of November 17, 2022, for attorney's fees owed for work performed in connection with appeal, Nevada Supreme Court Case No.  77050, arising from that case, asserted to accrue interest from June 1, 2021, through the Petition filing date in the amount of $5,544.50 in the total amount of $69,304.50;

**Total amount of liquidated claim: $754,142.17**

**UNLIQUIDATED ATTORNEY FEE CLAIM AMOUNTS:**  The following portions of the claim made have not been liquidated, in that while they are asserted and

claimed in the amounts detailed, the claimant's right to receive such amounts has not yet been ruled upon by the proceedings completed in the Eighth Judicial District Court, State of Nevada, in *Murray v. A Cab*, A-12-669926-C, the proceeding where such right needs to be determined;

$46,400, claimed as attorney's fees, along with associated costs of $291.50, in connection with appeal, Nevada Supreme Court Case No. 82539, arising from that case asserted to accrue interest from February 17, 2022, through the Petition filing date in the amount of $2,292.97 in the total amount of $48,692.97;

At least $459,128 claimed as attorney's fees for work performed after August 18, 2018 and through the Petition filing date and which is not otherwise itemized in this statement or subject to an award of fees by a prior court order. That sum, if it was to bear interest from August 18, 2018 through the Petition date, and claimant asserts it should accrue such interest under Nevada law as if it was a judgment, would accrue $121,779 in interest for a total claim of at least $580,907. This claim is subject to further review and adjustment and is based upon recorded time expenditures of attorney's time that would be billed at $400 an hour for 996.8 hours and $240 an hour for 251.7 hours. Those hourly rates were used by the state court in *Murray* in 2019 to award other attorney's fees; claimant reserves the right to assert proper hourly rates should now be higher.

Claimant asserts, unless such amounts are determined to be post-petition claims not subject to treatment as pre-petition claims, they are entitled to attorney's fees for services rendered post-petition (on/after December 12, 2022) pursuant to the Nevada Constitution and by operation of applicable bankruptcy law and precedent. Those claims are continuing and expected to continue into the future for an unknown amount. As of the date of the presentation of this claim they involve at least 120 hours of attorney time that would be awarded fees at an appropriate hourly rate. At the current time claimant estimates that claim to already be in excess of $70,000 and that claim is continuing to increase in amount and is expected to increase.

3

**UNLIQUIDATED LITIGATION COSTS CLAIM AMOUNTS:**

$71,389.29 in currently ascertained and itemized and expended litigation costs incurred by claimant and asserted to be properly recoverable from the Debtor as pre-petition claims (incurred prior to the Petition filing date). That sum, if it was to bear interest from August 18, 2018 through the Petition date, and claimant asserts it should accrue such interest under Nevada law as if it was a judgment, would accrue $18,935.28 of interest for a total claim of at least $90,324.57. Claimant asserts additional such costs exist, estimated to not exceed $2,000, that have not yet been itemized and determined.

Claimant asserts, unless such amounts are determined to be post-petition claims not subject to treatment as pre-petition claims, they are entitled to an additional amount for litigation expenses advanced post-petition (on/after December 12, 2022) pursuant to the Nevada Constitution and by operation of applicable bankruptcy law and precedent. Those costs and claims are continuing and expected to continue into the future for an unknown amount.

**Total amount of currently known unliquidated claim: $ 789,924.54 and increasing in the future.**

**RESERVATION OF RIGHTS**

Claimant reserves all rights to amend and supplement this proof of claim and this proof of claim is not a waiver of any rights, or election of any remedies, by the claimant but is filed pursuant to the applicable laws and rules governing the allowance of claims in Chapter 11 Bankruptcy cases and is not a consent to the entry of any final

4

order in respect to the claimant's claim by the Bankruptcy Court.

Dated this 17th Day of February, 2023

LEON GREENBERG PROFESSIONAL CORP.

/s/ *Leon Greenberg*
Leon Greenberg, Esq.
1811 S. Rainbow Boulevard - Ste. 210
Las Vegas, NV 89146
Tel (702) 383-6085
Attorney for the above identified Creditors

5

# EXHIBIT 2

LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd- Suite 210
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

GABRIEL DEL VIRGINIA, ESQ.
Law Offices of Gabriel Del Virginia
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*
Admitted *Pro Hac Vice*

Attorneys for Creditor
Leon Greenberg Professional Corporation
Attorneys for Class Creditors
Michael Murray, and Michael Reno, individually
and on behalf of others similarly situated,

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.: BK-22-14361-nmc<br>Chapter 11 |
| **A CAB, SERIES L.L.C.**<br>    **fka A CAB, LLC** | **SUPPLEMENT TO PROOF OF CLAIM OF CREDITORS LEON GREENBERG PROFESSIONAL CORPORATION** |
| **Debtor(s)** | |

The Proof of Claim filed on behalf of Leon Greenberg Professional Corporation and presented by a proof of claim in this case (claim Doc. #16) includes all claims of creditors Christian Gabroy and the Gabroy Law Office and Gabriel Del Virginia and the Law Offices of Gabriel Del Virginia who were and are among the associated attorneys of Leon Greenberg Professional Corporation referenced in that proof of claim

1

in that they have appeared as attorneys of record with Leon Greenberg Professional Corporation and have provided legal services in this case or one or more of the other matters providing the basis for that proof of claim as detailed in such proof of claim.

Dated this 20th Day of February, 2023

LEON GREENBERG PROFESSIONAL CORP.

/s/ *Leon Greenberg*
Leon Greenberg, Esq.
1811 S. Rainbow Boulevard - Ste. 210
Las Vegas, NV 89146
Tel (702) 383-6085
Attorney for the above identified Creditors

2