LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>A CAB, SERIES L.L.C.,<br><br>Debtor. | Case No. 22-14361-nmc<br>Chapter 11<br><br>Date:  October 3, 2023<br>Time:  9:30 a.m. |

**REPLY TO RESPONSE TO OBJECTION TO PROOF OF**
**CLAIM OF LEON GREENBERG, P.C., CLAIM NO. 16**

A Cab, Series L.L.C., f/k/a A Cab, LLC, a Nevada series limited liability company, as debtor and debtor in possession (the "Debtor"), submits its reply (the "Reply") to the response (the "Response") [ECF No. 368] filed by Leon Greenberg, P.C. ("Greenberg P.C."), to the *Debtor's Objection to Proof of Claim No. 16 Filed by Leon Greenberg, P.C.* (the "Claim Objection") [ECF No. 338].[1]

## I.  INTRODUCTION

Greenberg P.C.'s Response proffers many excuses attempting to avoid having this Court rule on the Claim Objection, and even though the firm filed its Proof of Claim in this Chapter 11 Case, thus submitting itself to the jurisdiction of this Court to determine that matter, and the matter is now fully briefed and ready for decision.  Greenberg P.C.'s attempts to avoid or delay a decision on the unliquidated portion of its fees and costs are unavailing, as are its defenses to the

---
[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as in the Claim Objection.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Claim Objection and its attempt to support the fees and costs asserted. Accordingly, the Court should sustain the Debtor's Claim Objection, and disallow the unliquidated portions of the Greenberg Claim in full.

## II.    LEGAL ARGUMENT

### A.    The Remand Argument

Greenberg P.C. first argues that it is "awaiting remand of the Murray Case to continue with their stayed request to have the amount of those claimed fees determined by the state court (but only paid as approved by this Court)." Objection p. 2, ll. 2-5. As an initial matter, there was no request filed and pending before the Nevada State Court as of the Petition Date to allow any fees and costs in favor of Greenberg P.C., other than a very minor one for $46,400. The Response attempts to paint a very misleading picture that Greenberg P.C.'s entire $789,924.54 requested in the Greenberg Claim was all cued up and ready for decision before the Nevada State Court as of the Petition Date, when it clearly was not. It is also unclear if any of the $46,400 amount that Greenberg P.C. had sought allowance on pre-petition in Nevada State Court is even included in the $789,924.54 unliquidated amount asserted anyways given the lack of detailed fee statements, but even if it is, the pendency of such a minor request is hardly consequential given the much large amount asserted in this Chapter 11 Case.

Moreover, the Murray Appeal is currently pending before the Nevada Supreme Court, the briefing on which is currently set to begin in October 2023, and thus which appeal will likely take at least a year or more to be fully briefed and decided. Accordingly, the Nevada State Court is divested of jurisdiction, and will be for quite some time until that appeal is resolved, such that there is no point to a remand of the Claim Objection or the Murray Adversary at this juncture. Critically also, the Nevada State Court's decisions that are currently on appeal do not deal with the unliquidated portion of the Greenberg Claim, which is what is at issue in this Claim Objection because, quite obviously, the Nevada State Court has never ruled on the unliquidated portion of the fees and costs asserted in the Greenberg Claim, but rather only the liquidated portion, nor could it have because there was no request ever made for it to do so (other than potentially the $46,400 amount, but even that is unclear and never actually heard and decided).

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

It appears that Greenberg P.C. is apparently trying to make some kind of stay relief and/or abstention argument that this Court should decline ruling on the Claim Objection, but without having ever filed such a motion, or citing any applicable authority in support of such a request. Although completely unaddressed by Greenberg P.C., the Debtor will address such matters, and explain why they doenot apply to this Claim Objection.

### 1.    Mandatory Abstention

First, mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) would only apply if a timely request had been made. Garmong v. Maupin, Cox & Legoy (In re Garmong), No. 3:19-CV-00490-RCJ, 2020 WL 3971912, at *5 (D. Nev. July 14, 2020) (quoting Krasnoff v. Marschack (In re Gen. Carriers Corp.), 258 B.R. 181, 189 (B.A.P. 9th Cir. 2001), in turn quoting World Solar Corp. v. Steinbaum (In re World Solar Corp.), 81 B.R. 603, 606 (Bankr. S.D. Cal. 1988)); Schulman v. Cal. State Water Resources Control Bd. (In re Lazar), 200 B.R. 358, 370 (Bankr. C.D. Cal. 1996). As applied to the case at hand, Greenberg P.C. has never, in the nine plus months this Chapter 11 Case has been pending, ever sought such relief, and indeed only now does apparently do so, and only after after a Claim Objection is all cued up for decision by this Court, and indeed with the Plan confirmation hearing imminent.

Second, mandatory abstention also requires that the proceeding can be timely adjudicated in state court, which it clearly cannot possible be here. Most mandatory abstention motions falter on this because state courts almost always take longer to adjudicate matters than bankruptcy courts. See In re Lazar, 200 B.R. at 370-71. Moreover, in this case, the Debtor's Claim Objection is already all cued up and can be decided forthwith, which is especially critical given the magnitude of the asserted claim and its impact on confirmation. "Whether a proceeding can be timely adjudicated in state court depends upon the nature of the underlying bankruptcy proceeding. For example, chapter 11 cases are time-sensitive; lengthy delays in claims resolution can seriously impair or even destroy reorganization efforts. In re World Solar Corp., 81 B.R. at 612. The most important considerations in making the timeliness determination are the circumstances surrounding the bankruptcy case and the urgency of resolving the dispute presented by those circumstances. See id. As World Solar Corp. indicated,

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

the greater the urgency in resolving the dispute for bankruptcy purposes, the less of a delay in the state court the bankruptcy court should allow for before determining that the state court cannot timely adjudicate the dispute.  When analyzing timely adjudication, "courts [generally] focus on the status and needs of the bankruptcy case rather than any particular time guideline." In re WP Realty Acquisition III LLC, 626 B.R. 154, 161 (Bankr. S.D.N.Y. 2021) (quotations and citations omitted). Where, as here, a Chapter 11 reorganization is pending and there is "administrative urgency or [a] plan of reorganization to facilitate," "the court must be sensitive to the needs of the debtor attempting to reorganize." Id. (quoting In re World Solar Corp.), 81 B.R. at 612)).

Applying these principles here, the timeliness factors also do not support mandatory abstention because the state law claims directly impact the bankruptcy estate, these claims need to be resolved quickly because of the ongoing bankruptcy proceeding, and resolution of these claims could prolong the administration of the bankruptcy case. See id. (citing Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572, 581 (2d Cir. 2011)). For example, in the case at hand, the Murray Appeal pending before the Nevada Supreme Court will likely take a year or more to be completed, and thus there is no way a timely decision could ever be had in Nevada State Court.  Accordingly, mandatory abstention does not apply to this Claim Objection.

### 2.    Permissive Abstention

"Discretionary" or "permissive" abstention pursuant 28 U.S.C. § 1334(c)(1) is also a possibility.  "Permissive abstention" is closely related to stay relief pursuant to section 362(d)(1) of the Bankruptcy Code for "cause" to allow pending litigation in another form to proceed, and in fact, they both involve application of many of the same factors. See Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1167 (9th Cir. 1990) (citing Piombo Corp. v. Castlerock Props. (In re Castlerock Props.), 781 F.2d 159, 163 (9th Cir. 1986) ("Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial.").

"Because federal courts have an obligation to exercise the jurisdiction properly given to them, 'there is a presumption in favor of the exercise of federal jurisdiction and against abstention.'" In re WP Realty Acquisition III LLC, 626 B.R. at 162 (quoting Rahl v. Bande, 316

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

4

B.R. 127, 135 (S.D.N.Y. 2004)).  Greenberg P.C., as the party seeking permissive abstention, bears the burden of establishing that it is warranted.  See id. (citing In re Residential Capital, LLC, 515 B.R. 52, 67 (Bankr. S.D.N.Y. 2014)).

"The primary concern should be whether the federal bankruptcy objectives will be properly served if the bankruptcy court cedes jurisdiction to a state court or whether duplication of effort and delay may be a consequence of abstention.  In particular, it is important to analyze whether abstention could impair or delay either a reorganization of a Chapter 11 debtor or the administration of a Chapter 7 estate for the benefit of all parties in interest."  1 Norton Bankr. L. & Prac. 3d, § 8:6 at 8-28 (2021).

Just like with mandatory abstention, in deciding whether the Court should permissively abstain pursuant to 28 U.S.C. § 1334(c)(1), courts apply various factors and evaluate a matter based on the totality of the circumstances.  The relevance of these factors will vary with the particular circumstances of each case and no factor is determinative.  First and foremost of these considerations, however, is the impact of granting abstention on the efficient administration of the estate.  Accordingly, for many of the same reasons already discussed in the context of mandatory abstention, the Court should decline to permissively abstain from the matters at issue in the Claim Objection as well.

There is also no argument that the Nevada State Court is somehow more familiar with the issues in the Murray Case because that case has had various judges assigned to it, and indeed a new judge has since been assigned to the matter since the Petition Date.  For example, most recently, from January 4, 2021 through April 4, 2022, the Honorable Carli Kierney was assigned to the case, from July 11, 2022 to the Petition Date, the Honorable Maria Gall was assigned to case, and from and after March 20, 2023, the Honorable Jacob A. Reynolds has since been assigned to the case.[2]  As such, given the various state court judges assigned to the case, and the fact that a new judge is now assigned to it that has no prior history with it, if anything, this Bankruptcy Court is more familiar with the issues than the Nevada State Court at this point.

_____

[2] Judicial notice of this fact is requested pursuant to Fed. R. Evid. 201 based on the attached printout from an excerpt of the Register of Actions for the Murray Case attached as **Exhibit 1**.  Given the length of the docket, the Debtor only attaches the first page, and the proceedings in the case from November 5, 2019 through the Petition Date.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Finally, Greenberg P.C. also has never, in the ten months that this Chapter 11 Case has been pending, sought stay relief to allow that litigation, or even a portion of it like its claimed fees and costs, to proceed.  In fact, the only stay relief that has been granted is at the Debtor's request and in order to allow the Nevada Supreme Court Appeal to proceed [ECF No. 345]. Specifically, the Court's Order provides that "[t]he Court also grants relief from the automatic stay pursuant to 11 U.S.C. § 362(d) for the limited purpose of allowing the Appeal to proceed fully through to final conclusion, including without limitation, any briefing, argument, and decision thereon; *provided*, *however*, that the Court does not grant relief from the automatic stay for any other purpose, including to allow for any further proceedings before the Nevada State Court in the underlying case, or for enforcement of any decisions in the matter, which matters shall all continue to remain stayed absent further order of this Court." Id. ¶ 4.

Apparently Greenberg P.C. is of the belief that its request for a remand of the Murray Adversary would also somehow result in a grant of stay relief, thus allowing that litigation to proceed full-bore, but it does not.  Relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code "for cause" is a different question than equitable remand pursuant to 28 U.S.C. § 1452, involving different statutes and requiring different proof.

In sum, to the extent the Response seeks abstention or stay relief to avoid a determination on the Claim Objection, such requests should be denied.

**B.** **Discovery on the Greenberg Claim**

Greenberg P.C. next argues: (a) the Debtor's RPD Request [ECF No. 340, Ex. 1] were untimely because given when the Debtor served them (June 16, 2023), those requests did not require a response until after the discovery cutoff per the Court's scheduling order on plan confirmation (July 18, 2023) [ECF No. 235, ¶ 4]; (b) the Debtor's RPD Request did not ask for the correct documents, and thus that it did not have anything responsive to produce.  As hereinafter explained, both of these arguments are without merit.

First, the Court's Order providing for the discovery deadline [ECF No. 235, ¶ 4], by its terms, only dealt with Plan confirmation discovery, which is a separate contested matter from the Claim Objection, which is its own contested matter and which was not even on file at the time

6

anyways (the Plan was filed on February 6, 2023, whereas the Claim Objection was filed on August 31, 2023). Fed. R. Bankr. P. 3007, 1983 Adv. Comm Notes ("The contested matter initiated by an objection to a claim is governed by rule 9014"); Fed. R. Bankr. P. 3020(b)(1) ("An objection to confirmation is governed by Rule 9014."). Nothing in this Order purports to limit discovery with respect to any proofs of claim or other contested matters, let alone an unfiled claim objection like the Claim Objection that was filed months later. Accepting Greenberg P.C.'s argument as correct would mean that the discovery deadline on claims expired before claim objections like the Claim Objection were even filed, which is ridiculous.[3]

Second, Greenberg P.C.'s attempt to justify its failure to produce any documents in response to the Debtor's RPDs supporting the unliquidated portion of its fees and costs asserted in the Greenberg Claim is absurd. Greenberg P.C. argues that the Debtor only asked for "[a]ll itemized legal invoices, fee statements, and ledgers evidencing the $789,924.54 in unliquidated amounts asserted in the [Greenberg Claim]," which Greenberg P.C. asserts does not encompass its actual time and expense records claimed in the Greenberg Claim. Greenberg P.C.'s gamesmanship is readily apparent by such an evasive and disingenuous argument.

## C.    **Filing a Claim Objection in the Chapter 11 Case vs. in the Murray Adversary**

The Response also argues that the Claim Objection is "jurisdictionally or procedurally inappropriate (or at least irregular)" on the theory that it should have been filed in the Murray Adversary as opposed to being filed in the Chapter 11 Case where it was filed. Response, p. 2, n.1. The matters at issue in the Claim Objection arise from the Greenberg Claim, which is a proof of claim filed in this Chapter 11 Case, and involve the unliquidated portion of Greenberg P.C.'s attorney's fees, which is not a matter addressed in the Murray Adversary. The applicable rules required the Debtor to file this challenge as a contested matter, not an adversary

---

[3] Moreover, even if the Court were to somehow find that this Order also applied to discovery on claims and to an entirely different and yet-to-be-filed claim objection, the Debtor's RPDs were also emailed on June 16, 2023, not just sent via regular mail, and thus responses were due July 17, 2023, and thus before the discovery deadline in the Order of July 18, 2023. Rule 6(d) was amended in 2016 to remove service by electronic means under Rule 5(b)(2)(e) from the modes of service that allow three added days to act after being served. As such, Greenberg P.C. was not afforded the extra three days for mailing that it claims. Moreover, Greenberg P.C. failed to raise this untimeliness argument in its RPD Response [ECF No. 340, Ex. 2], and indeed responded (albeit inappropriately and raising other objections), thus waiving this untimeliness argument in any event.

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

proceeding.  Fed. R. Bankr. P. 3007, 1983 Adv. Comm Notes ("The contested matter initiated by an objection to a claim is governed by rule 9014").  Accordingly, the Debtor's filing of its Claim Objection in the Chapter 11 Case, instead of in the Murray Adversary, was proper.

**D.        The Request for a Continuance**

Greenberg P.C. also argues that "[i]f the Court elects to resolve the issues, and liquidate the Claim without remanding the Murray Case, fairness dictates that it should grant the Murray Counsel time to fully present evidence on the value of that claim."  Response, p. 3, ll. 17-21; Response, pp. 26-27.  In short, Greenberg P.C. is requesting a continuance of the hearing on the Debtor's Claim Objection.

Courts typically consider the following four (4) factors in determining whether to grant a continuance:  (1) the extent of the movant's diligence in efforts to be prepared for the matter; (2) the likelihood that the need for a continuance will be met if the continuance is granted; (3) the extent to which a continuance would inconvenience the court and the opposing party; and (4) the amount of harm the movant may suffer as a result of the denial of the continuance.  See United States v. Mejia, 69 F.3d 309, 314 (9th Cir. 1995).

As applied to the case at hand, Greenberg P.C. has already been afforded sufficient opportunities to provide evidence of the unliquidated portion of its claim:  first, it could have included fee statements as an attachment to its proof of claim; second, it could have provided fee statements in response to the Debtor's RPDs served back on June 16, 2023 (more than three and a half months ago); and third, it could have provided them as part of its Response to the Claim Objection, yet at each and every opportunity, it failed or refused to do so.  There is no good faith reason to delay the determination of the Claim Objection because counsel fails or refuses to provide simple common and indeed expected evidence in support of its fees and costs claim, especially given the magnitude of the claim asserted.  In fact, granting Greenberg P.C. a continuance will only serve to reward its dilatory and evasive conduct by providing it more time to manufacture time records that clearly do not exist.

Moreover, Greenberg P.C.'s explanations in its Response also are meritless and indeed contradictory.  For example, at one point, Greenberg P.C. asserts that it keeps "detailed,

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

8

contemporaneous attorney time records," Response, p. 8, but then later asserts that it needs more time to produce them. Id. pp. 26-27. If Greenberg P.C. truly does keep "contemporaneous" time records, then why couldn't they be produced within three weeks as was afforded between the time of the filing of the Claim Objection (August 31, 2023) and the extended date allowed for the Response (September 25, 2023), let alone the three months since the Debtor served its RPDs on June 2023? Further, the $789,924.54 in unliquidated fees and costs asserted is for fees and costs allegedly incurred by Greenberg P.C. in 2022 and prior, and thus for time and expenses allegedly incurred more than nine months ago, and thus quite some time ago. Finally, the Response also asserts that Greenberg P.C. was preparing to present its fee and expense request to the Nevada State Court when the Debtor's bankruptcy case intervened, but if that is truly the case, then why would it need more time to prepare such fee and expense evidence in response to the Debtor's Claim Objection, when the Petition Date was in December 2022, and thus ten months ago?

Given such facts, Greenberg P.C. has already been afforded more than sufficient time to prepare and assemble records in support of its claimed fees and costs, and there is simply no excuse for a failure to properly support such a large fee award at this juncture. Greenberg P.C. is engaging in nothing more than evasive stalling tactics to avoid an adjudication of this issue, and a continuance of these proceedings would only reward that inappropriate, readily transparent conduct. In the same vein, the Claim Objection has a direct impact on the Plan confirmation proceedings pending in this case shortly after this matter is set to be heard, and thus time is of the essence in ruling on this matter.

In sum, Greenberg P.C.'s request for a continuance of the Claim Objection should be denied because of its complete lack diligence and indeed outright gamesmanship in its efforts to be prepared for the matter, a continuance would greatly inconvenience the Court and the opposing party, especially given its proximity to Plan confirmation and the critical impact the allowed amount of the Greenberg Claim has on the proceedings.

**E.**     **Arguments Regarding the Merits of Disallowance.**

Now that all of Greenberg P.C.'s attempts to avoid having this Court decide the Claim Objection have been addressed, the Debtor will now turn to the Response's arguments regarding

the actual grounds for disallowance of the Greenberg Claim itself.  As hereinafter explained, Greenberg P.C.'s arguments in support of the fees and costs asserted are also without merit, and thus the Claim Objection should be sustained in full.

### 1.    Fees and Costs Incurred Outside of the Murray Case and Any Appeals Arising Directly from the Murray Case.

#### a.    Fees and Costs Incurred in Other Litigations.

The Debtor first objected to fees and costs incurred by Greenberg P.C. on any extraneous matters, which the Debtor explained included any matters outside of the Murray Case itself and any appeals arising directly out of the Murray Case.  Claim Objection, pp. 20-22.  Again, because of the lack of detailed fee statements produced by Greenberg P.C., the Debtor explained that it was impossible to tell whether such extraneous matters were claimed in the Greenberg Claim, but given the total amounts Greenberg P.C. has claims, it would appear to be the case. The Debtor explained that fees and costs incurred in such extraneous matters were not recoverable as a result of the specific Nevada law provisions at issue, which although clearly allowing fees and costs incurred within the actual state court action for the wage and hour matters at issue (and appeal appeals directly from that proceeding), did not expressly allow for fees and costs outside of such matters, including for example, all of the matters listed in Paragraphs 8-19 of the Claim Objection (the A Cab Series LLC litigation, the Fraudulent Transfer Case, the Involuntary Chapter 7 Case, the Gagliano Case, and the Dubric Appeal).

In its Response, Greenberg P.C. asserts that the Nevada State Court has already held that there is no limit under Nevada law to the recovery of fees and costs in other litigation outside of the recovery action, and also that that alleged ruling is now on appeal before the Nevada Supreme Court.  Response, p. 13, ll. 14-17.  The only support Greenberg P.C. offers in support of this argument is a quotation to where the Nevada State Court allowed fees and costs to Greenberg P.C. for prior appeals arising directly from the Murray Case itself.  Response, p. 16 (quoting Ex. D).  The Nevada State Court has never expressly allowed Greenberg P.C. to recover for any of these other extraneous matters or collections, and quite tellingly, Greenberg P.C. fails to cite to any specific order where the Court ever did so rule.  Instead, Greenberg P.C. is

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

essentially taking what the Nevada State Court actually ruled on -- which is only with regard to its liquidated fees arising directly out of the Murray Case and from appeals directly from the Murray Case -- and extrapolating that to these other extraneous matters, but that is not what the Nevada State Court actually held, nor is there any support in the record for the expansive interpretation Greenberg P.C. asserts.

Again, the unliquidated portion of the Greenberg Claim -- the matter that is at issue in this Claim Objection -- has never been ruled on by the Nevada State Court, and it is for this reason also that Greenberg P.C.'s argument that this issue is also on appeal before the Nevada Supreme Court is also clearly incorrect because there could not have been an appeal from something that was never decided by the trial court in the first place. Instead, what is actually on appeal in the Murray Appeal pending before the Nevada Supreme Court is the underlying entitlement of the Murray Plaintiffs themselves to the judgment they obtained. Obviously if that Murray Plaintiffs' judgment is reversed on appeal, then that would also result in a vacation of any entitlement to any fees and costs of Greenberg P.C. as well, and thus the Murray Appeal does not prevent this Court from ruling on the separate issues raised in the Claim Objection.

**b.     Fees and Costs Incurred in the Debtor's Chapter 11 Case.**

Second, the Debtor also explained that such extraneous matters that were not recoverable under the Nevada fee-shifting provisions would also exclude all fees and costs allegedly incurred in litigating bankruptcy issues in the Chapter 11 Case. Claim Objection, p. 22. Notably, the Debtor has never specifically challenged any of the proofs of claims of the individual Murray Plaintiffs in this Chapter 11 Case (although they are all disputed due to pendency of the Murray Appeal); rather, the Debtor is only challenging the allowance of the Greenberg Claim itself for the unliquidated portion of its asserted attorney's fees and costs. Moreover, the Debtor is challenging such matters because they are unsupported, and because counsel has done nothing but unnecessarily overcomplicate matters to run up fees and delay matters in this Chapter 11 Case, to the detriment of the very claimants it purports to represent here, and which has nothing to do with enforcing the applicable Nevada authority at issue. In support, the Debtor cited decisions from both the U.S. District Court for the District of Nevada and the U.S. Court of

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Appeals for the Ninth Circuit, both of which are binding on this Court, and both of which have held that similar kinds of state law fee-shifting statutes did not allow for a recovery of fees and costs for litigating bankruptcy issues.  See id.

In Response, Greenberg P.C. tries to distinguish these two cases on their facts only, Response, pp. 14-15, however, those decisions' underlying rationale that fees and costs incurred in litigating bankruptcy matters are not recoverable under general fee shifting provisions like those at issue herein still remains applicable.

Additionally, all of Greenberg P.C.'s cited cases in support of its position are inapposite. In re Rubin Family Irrevocable Stock Trust, 516 B.R. 221 (Bankr. E.D.N.Y. 2014), stands for the unremarkable proposition that a pre-petition federal district court judgment awarding a judgment creditor attorney's fees and costs that it incurred to collect judgment were res judicata on the creditor's right to such collection costs, including collection costs incurred postpetition after judgment debtors had filed for Chapter 11 relief.  Response, p. 16.  In particular, the case dealt with a creditor who had obtained a judgment pre-petition, and was oversecured post-petition, and thus sought a fee recovery pursuant to section 506 of the Bankruptcy Code.

The Rubin case is clearly distinguishable from the case at hand because there is no pre-petition ruling in the case at hand allowing any portion of the unliquidated amount asserted in the Greenberg Claim, or any other generalized finding that all amounts to "collect the judgment" are recoverable like what was at issue in Rubin.  In fact, even in Rubin, all the Court really held was that the creditor was entitled to assert a claim for attorney's fees and costs incurred post-petition associated with collecting its judgment, and that the Court specifically noted that notwithstanding that fact, it still needed to determine to what extent the creditor's post-petition attorneys' fees and costs were truly to incurred "to collect the judgment," and noted that the debtor still retained the right to dispute whether certain, or indeed all, of the judgment creditor's post-petition fees and costs were or were not incurred to "collect the judgment."  As such, this case really does not held Greenberg P.C.'s position at all, and indeed actually undermines it.

Velez v. Vassallo, 203 F. Supp 2d 312, 315 (S.D.N.Y. 2002), only allowed fees and costs under a Fair Labor Standards Act ("FLSA") case to a prevailing plaintiff "for prosecuting and

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

defending appeals" in the case, and a successful defense of a post-judgment motion for 60(b) relief from a default judgment arising out of that same case.   The case says absolutely nothing about the recoverability of fees and costs incurred in post-judgment collection actions, or other collateral litigation like what is at issue in the Claim Objection.

Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999), which was a Section 1983 case, held similarly, as it involved only a recovery of attorney's fees and costs for post-trial motions, which did not involve collections, and which were in the same case, as opposed to collateral litigation like at issue in this Claim Objection.[4]

Lindsay v. Pacific Topsoils, Inc., 120 P.3d 102 (Wash Ct. App. 2005), also cited Velez and Weyant with approval to hold similarly to allow fees and costs to a prevailing party on appeal, including "post-judgment litigation in defense of the amount of the judgment."   Id. at 109.   There is absolutely no explicit holding in Lindsay allowing fees and costs incurred for collection or extraneous litigation; in fact, the appellate court was careful to note that the only actual challenge raised on appeal by the appellant was that the fees award were unreasonable because they were significantly more than the amount in controversy, which specific argument the Court overrulled as a matter of law based on prior precedent.   Id.

Felker v. Southwestern Emergency Medical Services, Inc., 584 F. Supp. 2d 1120 (S.D. Ind. 2008), also does not help Greenberg P.C.'s position.   First, Greenberg P.C. neglects to mention that in this case, the Court held that where plaintiffs obtained judgment on their FLSA claims, the Court found they were not entitled to attorneys' fees for legal work performed in defendant's subsequent bankruptcy case, and because such work was not a prerequisite for determining FLSA liability.   Id. at 1121-22.   Instead, the Court held that the specific Indiana wage payment statute at issue, I.C. 22-2-5-2, which the Court found was much broader than the FLSA because the statute speaks to "payment" of wages, and imposed a penalty for failure to pay measured in days, did allow for such recovery of work done in the defendant's bankruptcy case.   Id. at 1122.

---

[4] The Response also references another inapplicable Section 1983 case, Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331 (1st Cir. 2018), and misstates that it was a Second Circuit decision.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

By contrast, the Nevada authority at issue in this Claim Objection makes no such specific references like the Indiana statute at issue in <u>Felker</u>; instead, the Nevada statute only allows a recovery for "[a]n employee who prevails in any action to enforce <u>this section</u> shall be awarded his or her reasonable attorney's fees and costs," and similar to the FLSA.  (emphasis added).  In other words, there can be no enforcement of Article 15, Section 16 of the Nevada Constitution, which is "this section," after a judgment has already been entered thereon.  As the Court found in <u>Felker</u> under the FLSA, work within a bankruptcy case post-judgment was not a prerequisite for determining FLSA liability itself, and thus was not recoverable under the fee-shifting statute. Accordingly, Greenberg P.C.'s own cited authority in its Response, properly read, actually undermines its position.

In sum, the specific Nevada authority at issue herein has never been so broadly interpreted as Greenberg P.C. argues, and none of Greenberg P.C.'s cited authority supports its expansive interpretation of the Nevada fee-shifting statute and the veritable "blank check" it advocates for post-judgment herein.  Accordingly, Greenberg P.C. has failed to establish its burden of showing an entitlement to a recovery of attorney's fees and costs for such matters expressly and clearly set forth in the applicable statute, and thus the default "American Rule" applies to deny the recovery.

### 2. The Fees of Other Outside Counsel Asserted Within the Greenberg Claim.

In response to the Debtor's argument that the undefined amounts claimed within the Greenberg Claim on behalf of other counsel -- Malcolm Gabroy/Gabroy Law Offices and Gabriel del Virginia/Virginia Law Offices -- were improper, and that each claimant was required to file its own proof of claim, Greenberg P.C. argues that it was acting as the agent for these other creditors, and Bankruptcy Rule 3001(b) allows claims to be filed by "authorized agents." Response, pp. 23-24.

In reply, the Debtor agrees that proofs of claim may certainly be filed by authorized agents, but that is not what happened here:  proofs of claim were not filed on behalf of either Mr. Gabroy or Mr. del Virginia; rather, a proof of claim was only filed by Greenberg P.C.  Separate proofs of claim had to be filed by or on behalf of all three (or more) of these parties, not all of

14

them aggregated into one proof of claim and claimed under the incorrect name of Greenberg P.C. Accordingly, to the extent the Greenberg Claim purports to include amounts on behalf of such other counsel, it must be disallowed as a matter of law.

### 3.    The Argument Regarding the Necessity of Detailed Time Sheets.

Greenberg P.C. next attempts to avoid the need to produce detailed fee statements in support of the unliquidated portion of its fees and costs by arguing that the Nevada Supreme Court in its prior 2021 decision held that detailed fee statements were not required to affirm the Nevada State Court's prior decision as to the liquidated portion of his fees and costs. Response, pp. 19-20 (quoting A Cab v. Murray, 501 P.3d 961, 975 (Nev. 2021) (en banc)). That argument obviously fails because the Nevada Supreme Court was only affirming the specific matter before it -- the liquidated portion of the fees that were on appeal -- and sitting as an appellate court applying applicable standards of appellate review after a trial court had already reviewed the matter. Nothing in this opinion purports to make any pronouncement on a "go forward" basis or as to matters not before it, including the unliquidated fees at issue in this Claim Objection, which have never been ruled on by any court. Accordingly, this Court remains free to employ an appropriate review of the unliquidated fees and costs at issue in this Claim Objection. Greenberg P.C.'s submission in its Response in support of the unliquidated portion of its fees and costs will be dealt with in a separate section below.

### 4.    Fees on Fees.

Greenberg P.C. argues that "Baker Botts recognizes attorneys, such as the *Murray* Counsel, *are* entitled to 'fees on fees' under a fee-shifting statute that trumps the American Rule." Response, p. 21, ll. 11-14. Although it certainly true that the Supreme Court recognized that fee-shifting statutes could depart from the American Rule, it also noted that "[w]e have recognized departures from the American Rule only in "specific and explicit provisions for the allowance of attorneys' fees under selected statutes." Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121, 126 (2015) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 260 (1975)) (emphasis added). The Court stressed that it required "clarity" in a statute in order to deviate from the American Rule. Id. In that case, the Court reasoned that "Congress did not

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

15

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

expressly depart from the American Rule to permit compensation for fee-defense litigation by professionals hired to assist trustees in bankruptcy proceedings." Id. at 127.  In so doing, the Court reasoned that although a statute like section 330 of the Bankruptcy Code allows for "reasonable compensation for actual, necessary services rendered" and thus permits courts to award fees to attorneys for work done to assist the administrator of the estate, such language specifically and explicitly allow fees incurred in fee litigation. Id.

Likewise, the Nevada Minimum Wage Amendment at issue in the case at hand only allows fees for "prevailing in an action to enforce this section." Nev. Const. art. 15, § 16. Simply put, Greenberg P.C.'s defense of its own fees and costs asserted in the Greenberg Claim in this Chapter 11 Case is not an "action to enforce" Nevada's Minimum Wage Amendment. The requirement to enforce has already taken place and resulted in a judgement in favor of the Murray Plaintiffs, which is now on appeal before the Nevada Supreme Court.  This provision does not have the "specific and explicit" clarity in a statute that the Supreme Court required in Baker Botts to allow for fees in defense of fees, and thus the default "America Rule" applies to deny such a recovery.  Finally, Greenberg P.C.'s other cited cases are clearly inapposite because they were either decided before Baker Botts, or involve irrelevant situations like damages for an improper involuntary petition under section 303(i) of the Bankruptcy Code, which is clearly not the situation presented in the case at hand.

**5.** **Greenberg P.C.'s Time Sheets (Exhibit G).**

Lastly, Exhibit G and the Exhibits 1-4 thereto, which are Greenberg P.C.'s attempt to provide certain detailed fee statements, are clearly inadequate.

A vague, generalized, unitemized declaration in support of such a large and unliquidated amount of fees and costs asserted in the Greenberg Claim is simply inadequate to allow for a proper and meaningful review of the reasonableness and propriety of the fees and costs claimed. Debtor's counsel has submitted two interim fee applications in this Chapter 11 Case providing adequate detail [ECF Nos. 190 and 352/365] for its fees and costs incurred over the last eight (8) months of this Chapter 11 Case.  Why should Greenberg P.C.'s fees and costs claim be treated any differently or more leniently, especially given that the amounts Greenberg P.C. asserts are

roughly five times the amount?

As the claimants, in order for Greenberg P.C. to carry its ultimate burden of proof, it must submit detailed evidence supporting the fees and costs requested, including itemized contemporaneous time records. In re Las Vegas Monorail Co., 458 B.R. 553, 557 (Bankr. D. Nev. 2011) (citing In re Jastrem, 253 F.3d 438, 443 (9th Cir. 2001) (holding that the bankruptcy court's reduction of requested fees was not an abuse of discretion when fee applicant had failed to provide sufficient evidence to support fee application)); In re Recycling Indus., Inc., 243 B.R. 396, 406 (Bankr. D. Colo. 2000) (reducing number of allowed hours when requesting "attorney's time records [were] 'sloppy' and 'imprecise'" and further failed to document how "large blocks of time" were "utilized"); In re Bennett Funding Grp., Inc., 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997) (finding that "applicant must support its request with specific, detailed and itemized documentation")).

If the evidence supporting a request for fees "is too vague or insufficient to allow for a fair evaluation of the work done and the reasonableness and necessity for such work, the court should disallow compensation for such services." In re Las Vegas Monorail Co., 458 B.R. at 557; see also In re Baker, 374 B.R. 489, 497 (Bankr. E.D.N.Y. 2007) (finding that entries containing vague characterizations of time spent or services provided are properly disallowed); In re S. Diesel, 309 B.R. 810, 817 (Bankr. M.D. Ala. 2004) (disallowing entire fee application because individual time entries were "too vague to permit review").

As it is Greenberg P.C.'s ultimate burden of persuasion as the party asserting the claim to show that the fees requested are justified, a court cannot assume that vague or insufficient evidence satisfies the burden. In re Las Vegas Monorail Co., 458 B.R. at 557-58 (citing In re Palladino, 267 B.R. 825, 834 (Bankr. N.D. Ill. 2001) (declining to "assume any expense is necessary"); Bennett, 213 B.R. at 245 (holding that "it is not the court's responsibility to recognize or assume that a vague time entry meets" the requirements of the statute); In re Paul, 100 B.R. 38, 41 (Bankr. D. Colo. 1989) (finding that "it is not the Court's responsibility to justify" fees requested). Based on the foregoing, in In re Las Vegas Monorail Co., the Court held that redacted fee statements in support of an award of fees or costs are not permitted, and

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

17

required the Court to deny the request.  458 B.R. at 559.

As applied to the case at hand, Exhibits 1-4 are too vague and sloppy to properly determine what the entries refer to and/or the reasonableness of the fees claimed, fail to specify the applicable professional involved in each entry, fail to breakout the various different litigations involved and even though the entries relate to multiple different litigations, fail to specify the applicable hourly rates of each professional involved, and involve extraneous litigation and collection matters not properly recoverable under the applicable Nevada authority at issue.  Additionally, by Greenberg P.C.'s own admission, the records are incomplete and, at best, only support about one third of the actual unliquidated amount asserted ($237,848 of the $789,924.54 asserted).  In short, Greenberg P.C.'s production does not even come close to satisfying what is required to allow for a meaningful review of its fees and costs, and is quite simply, way too little and too late.  Accordingly, the Court should sustain the Debtor's Claim Objection given the inexcusable lack of appropriate detailed proof in support of the fees and costs asserted, thereby disallowing them in full.

### III.   CONCLUSION

WHEREFORE, the Debtor requests that the Court enter an order sustaining the Debtor's Claim Objection, and granting the Debtor such other and further relief as is just and proper.

Dated:  September 29, 2023.

By:    /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for the Debtor

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT 1

Skip to Main Content Logout My Account Search Menu New District Civil/Criminal Search Refine Search  Back                                   Location : District Court Civil/Criminal   Help

# REGISTER OF ACTIONS
## CASE NO. A-12-669926-C

| | | |
|---|---|---|
| **Michael Murray, Plaintiff(s) vs. A Cab Taxi Service LLC, Defendant(s)** | § § § § § § § § § § § | Case Type: **Other Civil Matters** |
| | | Date Filed: **10/08/2012** |
| | | Location: **Department 29** |
| | | Cross-Reference Case Number: **A669926** |
| | | Supreme Court No.: **72691** |
| | | **77050** |
| | | **81641** |
| | | **82539** |
| | | **84888** |
| | | **85850** |

---

### RELATED CASE INFORMATION

**Related Cases**
  A-12-669926-C-P1 (Large Case - Subcase)
  A-12-669926-C-P2 (Large Case - Subcase)
  A-12-669926-C-P3 (Large Case - Subcase)

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **A Cab LLC** | **Esther C. Rodriguez**<br>*Retained*<br>7023208400(W) |
| **Defendant** | **A Cab Taxi Service LLC** | **Esther C. Rodriguez**<br>*Retained*<br>7023208400(W) |
| **Other** | **Bass, Charles** | |
| **Other** | **Dubric, Jasminka** | **Mark J. Bourassa**<br>*Retained*<br>702-851-2180(W) |
| **Other** | **Wells Fargo** | |
| **Plaintiff** | **Abarca, Enrique** | **Leon Greenberg**<br>*Retained*<br>7023836085(W) |
| **Plaintiff** | **Abdella, Juhar** | **Leon Greenberg**<br>*Retained*<br>7023836085(W) |
| **Plaintiff** | **Abdulle, Abdirashid** | **Leon Greenberg**<br>*Retained*<br>7023836085(W) |
| **Plaintiff** | **Abebe, Tamrat** | **Leon Greenberg**<br>*Retained*<br>7023836085(W) |
| **Plaintiff** | **Abraha, Tesfalem** | **Leon Greenberg**<br>*Retained*<br>7023836085(W) |

| 11/05/2019 | **Reply to Opposition**    Doc ID# 506 |
| | *[506] Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion Requiring the Turnover of Certain Property of the Judgment Debtor P⸗ to NRS 21.320* |
| 11/05/2019 | **Reply to Opposition**    Doc ID# 507 |
| | *[507] Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Distribute Funds Held by Class Counsel* |
| 11/05/2019 | **Reply to Opposition**    Doc ID# 508 |
| | *[508] Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Allow Judgment Enforcement Opposition to Counter-Motion to Stay Judgment* |
| 11/12/2019 | **Motion for Distribution** (9:30 AM) (Judicial Officer Bare, Rob) |
| | **11/12/2019, 12/03/2019** |
| | *Plaintiff's Motion to Distribute Funds Held by Class Counsel* |
| |   *11/27/2019 Reset by Court to 12/03/2019* |
| | Result: Matter Continued |
| 11/12/2019 | **Motion** (9:30 AM) (Judicial Officer Bare, Rob) |
| | **11/12/2019, 12/03/2019** |
| | *Plaintiffs' Motion Requiring the Turnover of Certain Property of the Judgment Debtor Pursuant to NRS 21.320* |
| |   *11/27/2019 Reset by Court to 12/03/2019* |
| | Result: Matter Continued |
| 11/12/2019 | **Motion to Enforce** (9:30 AM) (Judicial Officer Bare, Rob) |
| | **11/12/2019, 12/03/2019** |
| | *Plaintiff's Motion to Allow Judgment Enforcement* |
| |   *11/27/2019 Reset by Court to 12/03/2019* |
| | Result: Matter Continued |
| 11/12/2019 | **Opposition and Countermotion** (9:30 AM) (Judicial Officer Bare, Rob) |
| | **11/12/2019, 12/03/2019** |
| | *Opposition to Motion to Allow Judgment Enforcement and Countermotion for Stay of Collection Activities* |
| |   *11/27/2019 Reset by Court to 12/03/2019* |
| | Result: Matter Continued |
| 11/12/2019 | **All Pending Motions** (9:30 AM) (Judicial Officer Bare, Rob) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 11/20/2019 | **Motion**    Doc ID# 509 |
| | *[509] Defendants' Motion to Resume Court Hearings on Order Shortening Time* |
| 11/25/2019 | **Minute Order** (3:00 AM) (Judicial Officer Bare, Rob) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 11/26/2019 | **Opposition to Motion**    Doc ID# 510 |
| | *[510] Plaintiffs' Opposition to Defendants Motion to Resume Court Hearings on an Order Shorting Time* |
| 12/03/2019 | **Motion** (10:30 AM) (Judicial Officer Bare, Rob) |
| | *Defendants' Motion to Resume Court Hearings On Order Shortening Time* |
| | Result: Matter Heard |
| 12/03/2019 | **All Pending Motions** (10:30 AM) (Judicial Officer Bare, Rob) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 12/06/2019 | **Minute Order** (3:00 AM) (Judicial Officer Bare, Rob) |
| | *Miunte Order - RE: 12/03/19 All Pending Motions* |
| | Minutes |
| | Result: Decision Made |
| 12/17/2019 | **Supplemental Brief**    Doc ID# 511 |
| | *[511] Plaintiffs Supplemental Brief Regarding Appointment of Receiver* |
| 12/31/2019 | **Supplemental Brief**    Doc ID# 512 |
| | *[512] Defendants' Supplemental Brief Regarding Special Master* |
| 01/16/2020 | **Recorders Transcript of Hearing**    Doc ID# 513 |
| | *[513] Recorders Transcript of Hearing Re: All Pending Motions, December 3, 2019* |
| 03/02/2020 | **Notice of Withdrawal**    Doc ID# 514 |
| | *[514] Notice of Withdrawal of Attorney Dana Sniegocki* |
| 07/17/2020 | **Order Denying Motion**    Doc ID# 515 |
| | *[515] Order Denying Plaintiff's Motion to Allow Judgment Enforcement; Plaintiff's Motion to Distribute Funds Held by Class Counsel; and ⸗ Motion Requiring the Turnover of Certain Property of the Judgment Debtor Pursuant to NRS 21.320; and Order Granting Defendants' Countermotion for Stay of Collection Activities* |
| 07/17/2020 | **Notice of Entry of Order**    Doc ID# 516 |
| | *[516] Notice of Entry of Order Denying Plaintiffs Motion to Allow Judgment Enforcement; Plaintiffs Motion to Distribute Funds Held by Clas⸗ Counsel; and Plaintiffs Motion Requiring the Turnover of Certain Property of the Judgment Debtor Pursuant to NRS 21.320; and Order Gr⸗ Defendants Countermotion for Stay of Collection Activities* |
| 08/12/2020 | **Notice of Appeal**    Doc ID# 517 |
| | *[517] NOTICE OF APPEAL* |
| 08/12/2020 | **Case Appeal Statement**    Doc ID# 518 |
| | *[518] CASE APPEAL STATEMENT* |
| 08/20/2020 | **Amended Case Appeal Statement**    Doc ID# 519 |
| | *[519] AMENDED CASE APPEAL STATEMENT* |
| 12/15/2020 | **NV Supreme Court Clerks Certificate/Judgment - Dismissed**    Doc ID# 520 |
| | *[520] Nevada Supreme Court Clerk's Certificate/Remittitur Judgment - Dismissed* |

| | |
|---|---|
| 12/30/2020 | **Motion for Appointment    Doc ID# 521**<br>*[521] Plaintiffs' Motion For Appointment Of A Receiver To Aid Judgment Enforcement Or Alternative Relief* |
| 01/04/2021 | **Case Reassigned to Department 2**<br>*Judicial Reassignment to Judge Carli Kierny* |
| 01/04/2021 | **Clerk's Notice of Hearing    Doc ID# 522**<br>*[522] Notice of Hearing* |
| 01/20/2021 | **Opposition to Motion    Doc ID# 523**<br>*[523] Defendant's Opposition to Plaintiff's Motion for Appointment of a Receiver to Aid Judgment Enforcement or Alternative Relief* |
| 01/25/2021 | **Reply    Doc ID# 524**<br>*[524] Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Appointment of a Receiver to Aid Judgment Enforcement or Altern*<br>*Relief* |
| 01/28/2021 | **Status Report    Doc ID# 525**<br>*[525] Status Report of Steven J. Parsons, Attorney for Special Master George C. Swarts, CPA* |
| 01/29/2021 | **Supplement    Doc ID# 526**<br>*[526] PLAINTIFFS SUPPLEMENT TO PLAINTIFFS REPLY TO DEFENDANT S OPPOSITION TO PLAINTIFFS MOTION FOR APPOINT*<br>*OF A RECEIVER TO AID JUDGMENT ENFORCEMENT OR ALTERNATIVE RELIEF* |
| 02/01/2021 | **Motion for Appointment of Receiver** (3:00 AM) (Judicial Officer Kierny, Carli)<br>*Plaintiffs' Motion For Appointment Of A Receiver To Aid Judgment Enforcement Or Alternative Relief*<br>[Minutes]<br>Result: Denied |
| 02/01/2021 | *CANCELED* **Minute Order** (3:25 PM) (Judicial Officer Kierny, Carli)<br>*Vacated - Duplicate Entry* |
| 02/22/2021 | **Order    Doc ID# 527**<br>*[527] Order on Plaintiff's Motion for Appointment of Receiver to Aid Judgment Enfircement of Alternative Relief* |
| 02/22/2021 | **Notice of Entry of Order    Doc ID# 528**<br>*[528] Notice of Entry of Order* |
| 02/23/2021 | **Notice of Appeal    Doc ID# 529**<br>*[529] Notice of Appeal* |
| 02/23/2021 | **Case Appeal Statement    Doc ID# 530**<br>*[530] Case Appeal Statement* |
| 03/15/2021 | **Motion for Attorney Fees    Doc ID# 531**<br>*[531] Defendant's Motion for Attorneys Fees Incurred in Responding to Duplicative and Unmerited Motion by Plaintiffs* |
| 03/16/2021 | **Clerk's Notice of Hearing    Doc ID# 532**<br>*[532] Notice of Hearing* |
| 03/30/2021 | **Stipulation and Order    Doc ID# 533**<br>*[533] Stipulation and Order to Extend Briefing Schedule* |
| 05/04/2021 | **Opposition and Countermotion    Doc ID# 534**<br>*[534] Plaintiffs' Response to Defendant A Cab's Motion Seeking Attorney's Fees Counter- Motion for Set off Judgment Owed* |
| 05/18/2021 | **Response    Doc ID# 535**<br>*[535] Defendants Response to Plaintiffs Counter-Motion for Set Off of Judgment Owed* |
| 06/03/2021 | **Reply in Support    Doc ID# 536**<br>*[536] Defendant's Reply in Support of its Motion for Attorneys' Fees Incurred in Responding to Duplicative and Unmerited Motion by Plain* |
| 06/09/2021 | **Motion for Attorney Fees** (9:30 AM) (Judicial Officer Kierny, Carli)<br>*Defendant's Motion for Attorney's Fees Incurred in Responding to Duplicative and Unmerited Motion by Plaintiffs*<br>[Parties Present]<br>Result: No Ruling |
| 06/09/2021 | **Response and Countermotion** (9:30 AM) (Judicial Officer Kierny, Carli)<br>*Plaintiffs' Response to Defendant A Cab's Motion Seeking Attorney's Fees Counter- Motion for Set Off Judgment Owed*<br>[Parties Present]<br>Result: No Ruling |
| 06/09/2021 | **All Pending Motions** (9:30 AM) (Judicial Officer Kierny, Carli)<br>[Parties Present]<br>[Minutes]<br>Result: No Ruling |
| 11/11/2021 | **Ex Parte Motion    Doc ID# 537**<br>*[537] Plaintiffs' Ex Parte Motion for Release of Appeal Bond* |
| 11/16/2021 | **Order    Doc ID# 538**<br>*[538] Plaintiff's Ex Parte Motion for Release of Appeal Bond* |
| 11/17/2021 | **Ex Parte    Doc ID# 539**<br>*[539] Plaintiff's Ex Parte Motion for Release of Appeal Bond* |
| 11/17/2021 | **Notice of Entry    Doc ID# 540**<br>*[540] NOTICE OF ENTRY OF ORDER* |
| 01/04/2022 | **Notice of Hearing    Doc ID# 541**<br>*[541] A-12-669926-C - NOH - Notice of Hearing* |
| 01/13/2022 | **Motion for Costs    Doc ID# 542**<br>*[542] Defendants' Motion for Costs* |
| 01/13/2022 | **Clerk's Notice of Hearing    Doc ID# 543**<br>*[543] Notice of Hearing* |
| 01/26/2022 | **Stipulation and Order    Doc ID# 544**<br>*[544] Stipulation and Order Re: Motion Briefing* |
| 02/03/2022 | **Opposition to Motion    Doc ID# 545**<br>*[545] PLAINTIFFS RESPONSE TO DEFENDANTS MOTION FOR COSTS COUNTER MOTION TO OFFSET COSTS AGAINST JUDGM* |
| 02/04/2022 | **NV Supreme Court Clerks Certificate/Judgment - Affd/Rev Part    Doc ID# 546**<br>*[546] Nevada Supreme Court Clerk's Certificate/Remittitur Judgment - Affirmed in Part, Reversed in Part and Remand* |
| 02/09/2022 | **Reply in Support    Doc ID# 547**<br>*[547] Reply in Support of Defendants Motion for Costs and Opposition to Countermotion* |

| | |
|---|---|
| 02/10/2022 | **Supplement        Doc ID# 548** |
| | *[548] Supplement to Plaintiffs' Response to Defendants Motion for Costs* |
| 02/10/2022 | **Supplement to Response and Opposition        Doc ID# 549** |
| | *[549] Defendants Supplement to Response and Opposition to Plaintiffs Rogue Supplement* |
| 02/11/2022 | **Motion        Doc ID# 550** |
| | *[550] Defendants' Motion for Declaratory Order* |
| 02/14/2022 | **Clerk's Notice of Hearing        Doc ID# 551** |
| | *[551] Notice of Hearing* |
| 02/14/2022 | **Motion        Doc ID# 552** |
| | *[552] Plaintiffs Motion for Entry of a Modified Judgment as Provided for by Remittitur* |
| 02/15/2022 | **Clerk's Notice of Hearing        Doc ID# 553** |
| | *[553] Notice of Hearing* |
| 02/16/2022 | **Status Check: Status of Case**  (9:30 AM) (Judicial Officer Kierny, Carli) |
| | *Supreme Court order reverse in part/remand to DCT* |
| 02/16/2022 | **Motion for Costs**  (9:30 AM) (Judicial Officer Kierny, Carli) |
| | *[542] Defendants' Motion for Costs* |
| 02/16/2022 | **Motion for Attorney Fees        Doc ID# 554** |
| | *[554] Plaintiff's Motion for Entry of Modified Award of Pre-Judgment Attorney's Fees as Provided by Remittitur* |
| 02/16/2022 | **All Pending Motions**  (9:30 AM) (Judicial Officer Sturman, Gloria) |
| | Parties Present |
| | Minutes |
| | Result: Granted in Part |
| 02/17/2022 | **Clerk's Notice of Hearing        Doc ID# 555** |
| | *[555] Notice of Hearing* |
| 02/17/2022 | **Motion        Doc ID# 556** |
| | *[556] Plaintiffs' Motion for an Award of Attorney's Fees on Appeal* |
| 02/17/2022 | **Clerk's Notice of Hearing        Doc ID# 557** |
| | *[557] Notice of Hearing* |
| 02/22/2022 | **Motion        Doc ID# 558** |
| | *[558] Plaintiffs Motion For An Award Of Attorney S Fees On Appeal Of Order Denying Receiver, Opposing Mooted Motion For Attorney S And For Costs On Appeal* |
| 02/23/2022 | **Clerk's Notice of Hearing        Doc ID# 559** |
| | *[559] Notice of Hearing* |
| 02/23/2022 | **Errata        Doc ID# 560** |
| | *[560] Errata to Plaintiffs Motion for Entry of Modified Award and Pre-Judgment Attorney's Fees and* |
| 02/25/2022 | **Response        Doc ID# 561** |
| | *[561] Plaintiffs Response to Defendants Motion for Declaratory Order Counter-Motion for Award of Attorney's Fees* |
| 02/28/2022 | **Order Shortening Time        Doc ID# 562** |
| | *[562] Defendant's Motion to Stay on Order Shortening Time* |
| 02/28/2022 | **Opposition to Motion        Doc ID# 563** |
| | *[563] Opposition to Plaintiffs Motion for Entry of a Modified Judgment as Provided for by Remittitur* |
| 03/02/2022 | **Opposition to Motion        Doc ID# 564** |
| | *[564] Opposition to Plaintiffs' Motion for Entry of Modified Award of Pre-Judgment Attorney's Fees as Provided for by Remittitur* |
| 03/03/2022 | **Opposition to Motion        Doc ID# 565** |
| | *[565] Opposition to Plaintiffs' Motion for an Award of Attorney's Fees on Appeal* |
| 03/04/2022 | **Response        Doc ID# 566** |
| | *[566] Plaintiff's Resonse to Defendants' Motion for Stay on Order Shorteing Time Counter-Motion for Award of Attorney's Fees* |
| 03/08/2022 | **Reply in Support        Doc ID# 567** |
| | *[567] Reply in Support of Defendants Motion to Stay on Order Shortening Time* |
| 03/08/2022 | **Opposition to Motion        Doc ID# 568** |
| | *[568] Opposition to Plaintiffs' Motion for an Award of Attorney's Fees on Appeal of Order Denying Receiver, Opposing Mooted Motion for Attorney's Fees, and for Costs on Appeal* |
| 03/09/2022 | **Motion**  (9:30 AM) (Judicial Officer Kierny, Carli) |
| | *Defendant's Motion to Stay on OST* |
| | Parties Present |
| | Minutes |
| | Result: Granted |
| 03/16/2022 | **Statement        Doc ID# 569** |
| | *[569] Recorder Invoice* |
| 03/16/2022 | **Recorders Transcript of Hearing        Doc ID# 570** |
| | *[570] Recorders Transcript of Hearing Re: Defendant's Motion to Stay on OST, March 9, 2022* |
| 03/23/2022 | *CANCELED*   **Motion**  (9:30 AM) (Judicial Officer Kierny, Carli) |
| | *Vacated* |
| | *Defendants' Motion for Declaratory Order* |
| 03/23/2022 | *CANCELED*   **Motion**  (9:30 AM) (Judicial Officer Kierny, Carli) |
| | *Vacated* |
| | *Plaintiffs Motion for Entry of a Modified Judgment as Provided for by Remittitur* |
| 03/23/2022 | *CANCELED*   **Motion for Attorney Fees**  (9:30 AM) (Judicial Officer Kierny, Carli) |
| | *Vacated* |
| | *Plaintiff's Motion for Entry of Modified Award of Pre-Judgment Attorney's Fees as Provided by Remittitur* |
| 03/23/2022 | *CANCELED*   **Motion**  (9:30 AM) (Judicial Officer Kierny, Carli) |
| | *Vacated* |
| | *Plaintiffs' Motion for an Award of Attorney's Fees on Appeal* |
| 03/29/2022 | **Petition for Writ of Mandamus        Doc ID# 571** |
| | *[571] Petition for Writ of Mandamus* |
| 03/29/2022 | **Appendix        Doc ID# 572** |
| | *[572] Appendix to Petitioners' Writ of Mandamus Volume I of VI* |

| | |
|---|---|
| 03/29/2022 | **Appendix        Doc ID# 573**<br>*[573] Appendix to Petitioners' Writ of Mandamus Volume II of VI* |
| 03/29/2022 | **Appendix        Doc ID# 574**<br>*[574] Appendix to Petiioners' Writ of Mandamus Volume III of VI* |
| 03/29/2022 | **Appendix        Doc ID# 575**<br>*[575] Appendix to Petitioners' Writ of Mandamus Volume IV of VI* |
| 03/29/2022 | **Appendix        Doc ID# 576**<br>*[576] Appendix to Petitioners' Writ of Mandamus Volume V of VI* |
| 03/29/2022 | **Appendix        Doc ID# 577**<br>*[577] Appendix to Petitioners' Writ of Mandamus Volume VI of VI* |
| 03/30/2022 | CANCELED   **Motion for Attorney Fees**  (9:30 AM) (Judicial Officer Vega, Valorie J.)<br>*Vacated*<br>*Plaintiffs Motion For An Award Of Attorney S Fees On Appeal Of Order Denying Receiver, Opposing Mooted Motion For Attorney S Fees, Costs On Appeal* |
| 04/04/2022 | **Case Reassigned to Department 9**<br>*Judicial Reassignment - From Judge Carli Kierny to Judge Vacant, DC9* |
| 04/15/2022 | **NV Supreme Court Clerks Certificate/Judgment -Remanded        Doc ID# 578**<br>*[578] Nevada Supreme Court Clerk's Certificate/Remittitur Judgment - Reversed and Remand; Rehearing Denied* |
| 04/21/2022 | **Order        Doc ID# 579**<br>*[579] Order Setting Status Check* |
| 05/02/2022 | **Miscellaneous Filing        Doc ID# 580**<br>*[580] Letter* |
| 05/03/2022 | **Order Granting        Doc ID# 581**<br>*[581] Order Granting Defendant's Motion to Stay* |
| 05/03/2022 | **Notice of Entry of Order        Doc ID# 582**<br>*[582] Notice of Entry of Order* |
| 05/11/2022 | **Status Check**  (9:00 AM) (Judicial Officer Gibbons, Mark)<br>*Status Check: Stay*<br><br>[Parties Present](#)<br><br>[Minutes](#)<br>Result: Matter Continued |
| 05/17/2022 | **Miscellaneous Filing        Doc ID# 583**<br>*[583] Letter* |
| 05/17/2022 | **Order Granting        Doc ID# 584**<br>*[584] ORDER GRANTING DEFENDANTS' MOTION FOR COSTS* |
| 05/17/2022 | **Notice of Entry of Order        Doc ID# 585**<br>*[585] Notice of Entry of Order Granting Defendants' Motion for Costs* |
| 05/19/2022 | **Order Granting Motion        Doc ID# 586**<br>*[586] Order Granting Defendants' Motion for Release of Cost Bonds* |
| 05/20/2022 | **Notice of Entry of Order        Doc ID# 587**<br>*[587] Notice of Entry of Order Granting Defendants' Motion for Release of Cost Bonds* |
| 05/25/2022 | **Motion        Doc ID# 588**<br>*[588] Plaintiffs Motion for Turnover of Property Pursuant to NRS 21.320 or Alternative Relief* |
| 05/25/2022 | **Clerk's Notice of Hearing        Doc ID# 589**<br>*[589] Notice of Hearing* |
| 05/31/2022 | **Motion to Stay        Doc ID# 590**<br>*[590] Plaintiffs Motion to Stay, Offset, or Apportion Award of Costs and/or Reconsider Award of Costs* |
| 06/01/2022 | **Clerk's Notice of Hearing        Doc ID# 591**<br>*[591] Notice of Hearing* |
| 06/03/2022 | **Order        Doc ID# 592**<br>*[592] Order Granting Defendants' Motion for Costs* |
| 06/03/2022 | **Notice of Entry of Order        Doc ID# 593**<br>*[593] Notice of Entry of Order* |
| 06/03/2022 | **Court Recorders Invoice for Transcript        Doc ID# 594**<br>*[594]* |
| 06/08/2022 | **Opposition to Motion        Doc ID# 595**<br>*[595] Opposition to Plaintiffs Motion for Turnover of Property Pursuant to NRS 21.320 or Alternative Relief and Countermotion for Attorney* |
| 06/14/2022 | **Opposition to Motion        Doc ID# 596**<br>*[596] Opposition to Plaintiffs Motion to Stay, Offset, or Apportion Award of Costs and/or Reconsider Award of Costs and Countermotion fo Attorneys Fees* |
| 06/14/2022 | **Notice of Appeal        Doc ID# 597**<br>*[597] NOTICE OF APPEAL* |
| 06/14/2022 | **Case Appeal Statement        Doc ID# 598**<br>*[598] CASE APPEAL STATEMENT* |
| 06/16/2022 | **Motion to Reconsider        Doc ID# 599**<br>*[599] Plaintiffs' Motion to Reconsider Award of Costs* |
| 06/17/2022 | **Clerk's Notice of Hearing        Doc ID# 600**<br>*[600] Notice of Hearing* |
| 06/21/2022 | **Recorders Transcript of Hearing        Doc ID# 601**<br>*[601] Recorder's Transcript of Hearing: All Pending Motions, Wednesday, February 16, 2022* |
| 06/22/2022 | **Reply        Doc ID# 602**<br>*[602] PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR TURNOVER OF PROPERTY PURSUANT 21.320 OR ALTERNATIVE RELIEF* |
| 06/24/2022 | **Ex Parte Motion        Doc ID# 603**<br>*[603] Plaintiffs Ex Parte Motion For Release Of Appeal Bond* |
| 06/28/2022 | **Motion for Sanctions        Doc ID# 604**<br>*[604] Defendants Motion for Sanctions under NRCP 11* |
| 06/28/2022 | **Clerk's Notice of Hearing        Doc ID# 605**<br>*[605] Notice of Hearing* |

| | |
|---|---|
| 06/28/2022 | **Audiovisual Transmission Equipment Appearance Request**     Doc ID# 606 |
| | *[606] Audiovisual Transmission Equipment Appearance Request* |
| 06/28/2022 | **Audiovisual Transmission Equipment Appearance Request**     Doc ID# 607 |
| | *[607] Notice of Intent to Appear by Simultaneous Audiovisual Transmission Equipment* |
| 06/29/2022 | **Motion**   (9:00 AM) (Judicial Officer Gibbons, Mark) |
| | *Plaintiffs Motion for Turnover of Property Pursuant to NRS 21.320 or Alternative Relief* |
| | Parties Present |
| | Minutes |
| | Result: Under Advisement |
| 06/29/2022 | **Motion for Sanctions**     Doc ID# 608 |
| | *[608] Defendants' Motion for Sanctions Under NRCP 11* |
| 06/29/2022 | **Clerk's Notice of Hearing**     Doc ID# 609 |
| | *[609] Notice of Hearing* |
| 06/29/2022 | **Minute Order**   (1:45 PM) (Judicial Officer Gibbons, Mark) |
| | Minutes |
| | Result: Minute Order - No Hearing Held |
| 06/30/2022 | **Miscellaneous Filing**     Doc ID# 610 |
| | *[610] Letter to Hon. Mark Gibbons or Presiding Judicial Officer* |
| 06/30/2022 | **Miscellaneous Filing**     Doc ID# 611 |
| | *[611] Letter to Judge Gibbons in response to letter from Esther Rodriguez* |
| 06/30/2022 | **Opposition to Motion**     Doc ID# 612 |
| | *[612] Opposition to Plaintiffs Motion to Reconsider Award of Costs and Countermotion to Strike Duplicative Order* |
| 07/01/2022 | **Reply to Opposition**     Doc ID# 613 |
| | *[613] Plaintiffs Reply to Defendants Opposition to Plaintiffs Motion to Stay, Offset, or Apportion Award of Costs and/or Reconsider Award* |
| 07/08/2022 | **Order**     Doc ID# 614 |
| | *[614] Order Denying Plaintiffs' Motion for Turnover of Property Pursuant to NRS 21.230 or Alternative Relief Without Prejudice Michael Mu* |
| | *Michael Reno v. A Cab Taxi Service* |
| 07/08/2022 | **Order**     Doc ID# 615 |
| | *[615] Order Denying Motion Without Prejudice and With Leave to Renew* |
| 07/08/2022 | **Notice of Entry of Order**     Doc ID# 616 |
| | *[616] Notice of Entry of Order Denying Plaintiffs Motion for Turnover of Property Pursuant to NRS 21.230 or Alternative Relief Without Pre* |
| 07/11/2022 | **Motion to Stay**   (3:00 AM) (Judicial Officer Gall, Maria) |
| | *Plaintiffs Motion to Stay, Offset, or Apportion Award of Costs and/or Reconsider Award of Costs* |
| 07/11/2022 | **Administrative Reassignment - Judicial Officer Change** |
| | *Pursuant to Administrative Order 22-10 - Reassigned from Vacant, DC9 to Judge Maria Gall* |
| 07/11/2022 | **Motion for Sanctions**     Doc ID# 617 |
| | *[617] Defendants Motion for Sanctions under NRCP 11 Arising from Plaintiffs Duplicative Motion to Reconsider Award of Costs* |
| 07/11/2022 | **Clerk's Notice of Hearing**     Doc ID# 618 |
| | *[618] Notice of Hearing* |
| 07/12/2022 | **Notice of Change of Hearing**     Doc ID# 619 |
| | *[619] Notice of Change of Hearing* |
| 07/12/2022 | **Stipulation and Order**     Doc ID# 620 |
| | *[620] Stipulation and Order to Extend Briefing Schedule* |
| 07/14/2022 | **Notice of Hearing**     Doc ID# 621 |
| | *[621] Notice of Hearing* |
| 07/18/2022 | **Reply**     Doc ID# 622 |
| | *[622] Petitioners' Reply to Real Party in Interest a Cab Series Answer to Petition* |
| 07/19/2022 | **Notice**     Doc ID# 623 |
| | *[623] Notice of Service of Answer to Petition for Writ of Mandamus* |
| 07/19/2022 | **Status Report**     Doc ID# 624 |
| | *[624] Plaintiffs' Status Report for Case Management Conference* |
| 07/21/2022 | **Reply**     Doc ID# 625 |
| | *[625] Plaintiffs Reply To Defendants Opposition To Plaintiffs Motion To Reconsider Award Of Costs And Response To Defendants Counte* |
| 07/21/2022 | **Status Report**     Doc ID# 626 |
| | *[626] Defendants' Status Report* |
| 07/22/2022 | **Audiovisual Transmission Equipment Appearance Request**     Doc ID# 627 |
| | *[627] Notice of Intent to Appear by Simultaneous Audiovisual Transmission Equipment* |
| 07/22/2022 | **Opposition**     Doc ID# 628 |
| | *[628] Plaintiffs Opposition to Defendants Motion for Nrcp Rule 11 Sanctions (Filed 6/28/22)* |
| 07/22/2022 | **Opposition to Motion**     Doc ID# 629 |
| | *[629] Plaintiffs Opposition to Defendants Motion for NRCP Rule 11 Sanctions (filed 6/29/22)* |
| 07/22/2022 | **Opposition to Motion**     Doc ID# 630 |
| | *[630] Plaintiffs Opposition to Defendants Motion for NRCP Rule 11 Sanctions (Filed 7/11/22)* |
| 07/22/2022 | **Audiovisual Transmission Equipment Appearance Request**     Doc ID# 631 |
| | *[631] Notice of Intent to Appear by Simultaneous Audiovisual Transmission Equipent* |
| 07/25/2022 | **Hearing**   (10:00 AM) (Judicial Officer Gall, Maria) |
| | *Case Management Conference* |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 07/29/2022 | **Court Recorders Invoice for Transcript**     Doc ID# 632 |
| | *[632] Court Recorder's Invoice* |
| 08/02/2022 | **Recorders Transcript of Hearing**     Doc ID# 633 |
| | *[633] RECORDER'S TRANSCRIPT OF PROCEEDINGS: PLAINTIFFS' MOTION FOR TURNOVER OF PROPERTY PURSUANT TO NR* |
| | *OR ALTERNATIVE RELIEF. HEARD ON JUNE 29, 2022* |
| 08/05/2022 | **Reply in Support**     Doc ID# 634 |
| | *[634] Reply in Support of Defendants Motion for Sanctions under NRCP 11* |

| | |
|---|---|
| 08/05/2022 | **Reply in Support          Doc ID# 635**<br>*[635] Reply in Support of Defendants Motion for Sanctions under NRCP 11 Arising from Plaintiffs Duplicative Motion to Reconsider Award* |
| 08/05/2022 | **Reply in Support          Doc ID# 636**<br>*[636] Reply in Support of Defendants Motion for Sanctions under NRCP 11* |
| 08/08/2022 | **Supplement          Doc ID# 637**<br>*[637] Plaintiffs Supplement Re: Supersedes Bond Issue* |
| 08/09/2022 | **Audiovisual Transmission Equipment Appearance Request          Doc ID# 638**<br>*[638] Notice Of Intent To Appear By Simultaneous Audiovisual Transmission Equipment* |
| 08/12/2022 | **Motion to Reconsider**  (3:00 AM) (Judicial Officer Gall, Maria)<br>*Plaintiffs' Motion to Reconsider Award of Costs*<br><br>   *07/27/2022 Reset by Court to 07/29/2022*<br><br>   *07/29/2022 Reset by Court to 08/12/2022* |
| 08/12/2022 | **Motion for Sanctions**  (3:00 AM) (Judicial Officer Gall, Maria)<br>*Defendants Motion for Sanctions under NRCP 11 (filed 6-28-22)*<br><br>   *08/10/2022 Reset by Court to 08/12/2022* |
| 08/12/2022 | **Opposition and Countermotion**  (3:00 AM) (Judicial Officer Gall, Maria)<br>*Opposition to Plaintiffs Motion to Reconsider Award of Costs and Countermotion to Strike Duplicative Order*<br><br>   *07/27/2022 Reset by Court to 07/29/2022*<br><br>   *07/29/2022 Reset by Court to 08/12/2022* |
| 08/12/2022 | **Motion for Sanctions**  (3:00 AM) (Judicial Officer Gall, Maria)<br>*Defendants Motion for Sanctions under NRCP 11 Arising from Plaintiffs Duplicative Motion to Reconsider Award of Costs*<br><br>   *08/11/2022 Reset by Court to 08/12/2022* |
| 08/12/2022 | **Motion for Sanctions**  (3:00 AM) (Judicial Officer Gall, Maria)<br>*Defendants Motion for Sanctions under NRCP 11 (filed 6-29-22)* |
| 08/12/2022 | **Request for Judicial Notice          Doc ID# 639**<br>*[639] Request For Judicial Notice and Supplement to Opposition to Plaintiffs Motion for Turnover of Property and Defendants' Countermot<br>Attorneys Fees* |
| 08/12/2022 | **Reply to Opposition          Doc ID# 640**<br>*[640] Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Entry of a Modified Judgment as Provided for by Remittitur* |
| 08/12/2022 | **Reply to Opposition          Doc ID# 641**<br>*[641] Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Entry of Modified Award of Pre-Judgment Attorney's Fees as Provi<br>by Remittitur* |
| 08/12/2022 | **Reply to Opposition          Doc ID# 642**<br>*[642] Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for an Award of Attorney's Fees on Appeal* |
| 08/12/2022 | **Reply to Opposition          Doc ID# 643**<br>*[643] Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for an Award of Attorney's Fees on Appeal of Order Denying Receiver<br>Opposing Mooted Motion for Attorney's Fees, and for Costs on Appeal* |
| 08/12/2022 | **Request for Judicial Notice          Doc ID# 644**<br>*[644] Request for Judicial Notice and Supplement to Defendants Motion for Sanctions under NRCP 11* |
| 08/12/2022 | **Motion          Doc ID# 645**<br>*[645]Plaintiffs Motion to Lift Stay and Have Pending Motions Decided* |
| 08/13/2022 | **Clerk's Notice of Hearing          Doc ID# 646**<br>*[646] Notice of Hearing* |
| 08/22/2022 | **Court Recorders Invoice for Transcript          Doc ID# 647**<br>*[647]* |
| 08/26/2022 | **Response          Doc ID# 648**<br>*[648] Response to Plaintiffs Motion to Lift Stay and Have Pending Motions Decided* |
| 08/29/2022 | **Supplement          Doc ID# 649**<br>*[649] Supplement to Defendants Response to Plaintiffs Motion to Lift Stay and Have Pending Motions Decided* |
| 08/29/2022 | **Recorders Transcript of Hearing          Doc ID# 650**<br>*[650] RECORDER'S TRANSCRIPT OF HEARING: CASE MANAGEMENT CONFERENCE. HEARD ON JULY 25, 2022* |
| 09/09/2022 | **Supplement          Doc ID# 651**<br>*[651] Second Supplement to Defendants Response to Plaintiffs Motion to Lift Stay and Have Pending Motions Decided* |
| 09/13/2022 | **Reply          Doc ID# 652**<br>*[652] reply to defendants opposition to plaintiff motion to lift the stay* |
| 09/19/2022 | **Order          Doc ID# 653**<br>*[653] Order Granting Motion to Lift Stay and Regarding Additional Briefing and Motion Practice* |
| 09/20/2022 | CANCELED   **Motion**  (9:30 AM) (Judicial Officer Gall, Maria)<br>  *Vacated - per Order*<br>  *Plaintiffs Motion to Lift Stay and Have Pending Motions Decided*<br><br>   *09/13/2022 Reset by Court to 09/20/2022*<br><br>   *09/14/2022 Reset by Court to 09/13/2022* |
| 09/26/2022 | **Request for Judicial Notice          Doc ID# 654**<br>*[654] Request for Judicial Notice* |
| 09/26/2022 | **Response          Doc ID# 655**<br>*[655] Plaintiffs' Response to Defendant's "Request for Judicial Notice"* |
| 09/30/2022 | **Brief          Doc ID# 656**<br>*[656] PLAINTIFFS OMNIBUS BRIEF PURSUANT TO THE COURTS ORDER OF SEPTEMBER 19, 2022* |
| 09/30/2022 | **Brief          Doc ID# 657**<br>*[657] Defendants Omnibus Brief Pursuant to Court Order* |
| 09/30/2022 | **Exhibits          Doc ID# 658**<br>*[658] Defendants Omnibus Brief Pursuant to Court Order (Exhibits 6-14)* |
| 10/21/2022 | **Minute Order**  (3:00 AM) (Judicial Officer Gall, Maria)<br>  Minutes<br>Result: Minute Order - No Hearing Held |

| | |
|---|---|
| 10/24/2022 | **Motion for Costs       Doc ID# 659**<br>*[659] Defendants' Motion for Costs* |
| 10/27/2022 | **Clerk's Notice of Hearing       Doc ID# 660**<br>*[660] Clerk's Notice of Hearing* |
| 11/01/2022 | **Notice       Doc ID# 661**<br>*[661] Notice of Non-Opposition to Defendants Motion for Costs* |
| 11/04/2022 | **Opposition to Motion       Doc ID# 662**<br>*[662] PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION FOR COSTS (filed 10/24/22)* |
| 11/07/2022 | **Reply in Support       Doc ID# 663**<br>*[663] Reply in Support of Defendants Motion for Costs* |
| 11/11/2022 | **Order Granting Motion       Doc ID# 664**<br>*[664] Order Granting Plaintiff's Motion for Entry of Modified Judgment* |
| 11/11/2022 | **Order Granting Motion       Doc ID# 665**<br>*[665] Order Granting Plaintiffs' Motion for Entry of Modified Award of Prejudgment Attorneys' Fees* |
| 11/14/2022 | **Notice of Entry of Order       Doc ID# 666**<br>*[666] NOTICE OF ENTRY OF ORDER* |
| 11/14/2022 | **Notice of Entry of Order       Doc ID# 667**<br>*[667] NOTICE OF ENTRY OF ORDER* |
| 11/16/2022 | **NV Supreme Court Clerks Certificate/Judgment - Dismissed       Doc ID# 668**<br>*[668] Nevada Supreme Court Clerk's Certificate/Remittitur Judgment - Dismissed* |
| 11/17/2022 | **Order Granting Motion       Doc ID# 669**<br>*[669] Order Granting Motion for Award of Attorney's Fees on Appeal* |
| 11/17/2022 | **Order       Doc ID# 670**<br>*[670] Order Continuing Decision on Motion for Award of Attorney's Fees Concerning the Receiver Motion* |
| 11/17/2022 | **Order       Doc ID# 671**<br>*[671] Order Amending the Class* |
| 11/17/2022 | **Order       Doc ID# 672**<br>*[672] Order Modifying Final Judgment Entered on August 21 2018* |
| 11/17/2022 | **Order       Doc ID# 673**<br>*[673] Order Modifying Order Awarding Attorneys' Fees* |
| 11/17/2022 | **Order Denying Motion       Doc ID# 674**<br>*[674] Order Denying Motion to Reconsider Award of Costs and Striking June 3 2022 Order* |
| 11/17/2022 | **Order Denying Motion       Doc ID# 675**<br>*[675] Order Denying Defendants' Motions for Sanctions* |
| 11/17/2022 | **Order Granting Motion       Doc ID# 676**<br>*[676] Order Granting Motion to Stay, Offset, or Apportion Award of Costs* |
| 11/17/2022 | **Order Denying Motion       Doc ID# 677**<br>*[677] Order Denying Defendants' Motion for Costs (as filed on October 24, 2022)* |
| 11/17/2022 | **Notice of Entry of Order       Doc ID# 678**<br>*[678] Notice of Entry of Order* |
| 11/17/2022 | **Notice of Entry of Order       Doc ID# 679**<br>*[679] Notice of Entry of Order* |
| 11/17/2022 | **Notice of Entry of Order       Doc ID# 680**<br>*[680] Notice of Entry of Order* |
| 11/17/2022 | **Notice of Entry of Order       Doc ID# 681**<br>*[681] Notice of Entry of Order* |
| 11/17/2022 | **Notice of Entry of Order       Doc ID# 682**<br>*[682] Notice of Entry of Order* |
| 11/17/2022 | **Order       Doc ID# 683**<br>*[683] Order Amending the Class (2 file stamps)* |
| 11/17/2022 | **Notice of Entry of Order       Doc ID# 684**<br>*[684] Notice of Entry of Order* |
| 11/17/2022 | **Minute Order**  (12:30 PM) (Judicial Officer Gall, Maria)<br><u>Minutes</u><br>Result: Minute Order - No Hearing Held |
| 11/18/2022 | **Notice of Entry of Order       Doc ID# 685**<br>*[685] Notice of Entry of Order* |
| 11/18/2022 | **Order Shortening Time       Doc ID# 686**<br>*[686] Motion Distribute Funds Held By Class Counsel On Order Shortening Time* |
| 11/21/2022 | **Notice of Entry of Order       Doc ID# 687**<br>*[687] NOTICE OF ENTRY OF ORDER* |
| 11/22/2022 | **Stipulation and Order       Doc ID# 688**<br>*[688] Stipulation and Order To Continue Hearings On Plaintiff's Motion for Appointment of a Receiver to Aid Judgment Enforcement or Alt*<br>*Relief and Motion to Distribute Funds Held by Class Counsel on Order Shortening Time* |
| 11/23/2022 | **Notice of Entry of Order       Doc ID# 689**<br>*[689] Notice of Entry of Stipulation and Order to Continue Hearings on Plaintiffs Motion for Appointment of a Receiver to Aid Judgment*<br>*Enforcement or Alternative Relief and Motion to Distribute Funds Held by Class Counsel on Order Shortening Time* |
| 11/23/2022 | **Notice of Entry of Order       Doc ID# 690**<br>*[690] Notice of Entry of Order Denying Plaintiffs Motion to Reconsider Award of Costs and Striking June 3, 2022 Order* |
| 12/01/2022 | **Notice       Doc ID# 691**<br>*[691] Notice Regarding Correspondence to the Court* |
| 12/05/2022 | **Opposition to Motion       Doc ID# 692**<br>*[692] Opposition to Motion to Distribute Funds Held by Class Counsel On Order Shortening Time* |
| 12/05/2022 | **Stipulation and Order       Doc ID# 693**<br>*[693] Stipulation and Order Regarding Briefing on Plaintiffs' Motion to Distribute Funds Held by Class Counsel on Order Shortening Time* |
| 12/05/2022 | **Notice of Entry of Order       Doc ID# 694**<br>*[694] Notice of Entry of Stipulation and Order Regarding Briefing on Plaintiffs Motion to Distribute Funds Held by Class Counsel on Order*<br>*Shortening Time* |

| | |
|---|---|
| 12/08/2022 | *CANCELED* **Motion for Costs** (9:00 AM) (Judicial Officer Gall, Maria)<br>   *Vacated - per Order*<br>   *Defendants' Motion for Costs*<br><br>     *11/17/2022 Reset by Court to 12/08/2022*<br><br>     *11/28/2022 Reset by Court to 11/17/2022* |
| 12/09/2022 | **Supplement**     Doc ID# 695<br>   *[695] Plaintiff's Second Supplement to Plaintiff's Motion for Appointment of A Reciever* |
| 12/09/2022 | **Notice**     Doc ID# 696<br>   *[696] NOTICE OF CHANGE OF ADDRESS* |
| 12/12/2022 | **Notice of Bankruptcy**     Doc ID# 697<br>   *[697] Notice of Bankruptcy of Defendant, A Cab, Series L.L.C., f/k/a A Cab, LLC* |
| 12/13/2022 | **Minute Order** (9:30 AM) (Judicial Officer Gall, Maria)<br>   Minutes<br><br>Result: Minute Order - No Hearing Held |
| 12/13/2022 | **Supplement**     Doc ID# 698<br>   *[698] PLAINTIFFS SUPPLEMENT IN SUPPORT OF MOTION TO DISTRIBUTE FUNDS HELD BY CLASS COUNSEL ON AN ORDER*<br>   *SHORTENING TIME* |
| 12/14/2022 | **Notice of Appeal**     Doc ID# 699<br>   *[699] Notice of Appeal* |
| 12/14/2022 | **Case Appeal Statement**     Doc ID# 700<br>   *[700] Appellants' Case Appeal Statement* |
| 12/14/2022 | **Notice of Removal**     Doc ID# 701<br>   *[701] Notice of Removal* |
| 12/15/2022 | **Argument** (9:00 AM) (Judicial Officer Gall, Maria)<br>   *Argument Re: Post Judgment Receiver*<br><br>     *12/08/2022 Reset by Court to 12/15/2022*<br><br>Result: Matter Heard |
| 12/15/2022 | **Motion** (9:00 AM) (Judicial Officer Gall, Maria)<br>   *Motion to Distribute Funds Held by Class Counsel on an Order Shortening Time*<br><br>     *12/08/2022 Reset by Court to 12/15/2022* |
| 12/15/2022 | **All Pending Motions** (9:00 AM) (Judicial Officer Gall, Maria)<br>   Parties Present<br><br>   Minutes<br><br>Result: Minute Order - No Hearing Held |
| 12/19/2022 | **Notice of Filing Cost Bond**     Doc ID# 702<br>   *[702] Notice of Filing Bond or Equivalent Security for Costs on Appeal* |
| 01/03/2023 | **Case Reassigned to Department 29**<br>   *Pursuant to Administrative Order 22-14 - Active MedMal Case Replacement* |
| 03/20/2023 | **Administrative Reassignment - Judicial Officer Change**<br>   *Pursuant to Administrative Order 23-03 - Reassigned to Judge Jacob A. Reynolds* |
| 08/28/2023 | **Court Recorders Invoice for Transcript**     Doc ID# 703<br>   *[703]* |
| 08/30/2023 | **Recorders Transcript of Hearing**     Doc ID# 704<br>   *[704] RECORDER'S TRANSCRIPT OF HEARING: ARGUMENT RE: POST JUDGMENT RECEIVER. MOTION TO DISTRIBUTE FUNDS*<br>   *BY CLASS COUNSEL ON AN ORDER SHORTENING TIME. HEARD ON DECEMBER 15, 2022* |

---

### FINANCIAL INFORMATION

**Defendant** A Cab LLC
Total Financial Assessment     711.00
Total Payments and Credits     711.00
**Balance Due as of 09/29/2023**     **0.00**

| | | | | |
|---|---|---|---|---|
| 11/15/2012 | Transaction Assessment | | | 223.00 |
| 11/15/2012 | Efile Payment | Receipt # 2012-141555-CCCLK | A Cab LLC | (223.00) |
| 09/22/2015 | Transaction Assessment | | | 200.00 |
| 09/22/2015 | Efile Payment | Receipt # 2015-100143-CCCLK | A Cab LLC | (200.00) |
| 11/28/2017 | Transaction Assessment | | | 200.00 |
| 11/28/2017 | Efile Payment | Receipt # 2017-88344-CCCLK | A Cab LLC | (200.00) |
| 09/21/2018 | Transaction Assessment | | | 24.00 |
| 09/21/2018 | Efile Payment | Receipt # 2018-63040-CCCLK | A Cab LLC | (24.00) |
| 07/29/2022 | Transaction Assessment | | | 40.00 |
| 07/29/2022 | Payment (Window) | Receipt # 2022-43235-CCCLK | Taxi Employee Leasing Company Two | (40.00) |
| 12/14/2022 | Transaction Assessment | | | 24.00 |
| 12/14/2022 | Efile Payment | Receipt # 2022-71992-CCCLK | A Cab LLC | (24.00) |

**Defendant** A Cab Taxi Service LLC
Total Financial Assessment     319.20
Total Payments and Credits     319.20
**Balance Due as of 09/29/2023**     **0.00**

| | | | | |
|---|---|---|---|---|
| 09/22/2015 | Transaction Assessment | | | 200.00 |

| Date | Transaction | Receipt | Payer | Amount |
|---|---|---|---|---|
| 09/22/2015 | Efile Payment | Receipt # 2015-100142-CCCLK | A Cab Taxi Service LLC | (200.00) |
| 03/21/2017 | Transaction Assessment | | | 24.00 |
| 03/21/2017 | Efile Payment | Receipt # 2017-26697-CCCLK | A Cab Taxi Service LLC | (24.00) |
| 08/22/2022 | Transaction Assessment | | | 40.00 |
| 08/24/2022 | Online Payment | Receipt # 2022-48936-CCCLK | A Cab LLC | (40.00) |
| 08/28/2023 | Transaction Assessment | | | 55.20 |
| 08/29/2023 | Online Payment | Receipt # 2023-74881-CCCLK | Rodriguez Law Offices PC | (55.20) |

**Plaintiff** Murray, Michael
Total Financial Assessment 2,057.60
Total Payments and Credits 1,960.60
**Balance Due as of 09/29/2023** **97.00**

| Date | Transaction | Receipt | Payer | Amount |
|---|---|---|---|---|
| 10/10/2012 | Transaction Assessment | | | 30.00 |
| 10/10/2012 | Transaction Assessment | | | 270.00 |
| 10/10/2012 | Efile Payment | Receipt # 2012-126730-CCCLK | Murray, Michael | (300.00) |
| 05/19/2015 | Transaction Assessment | | | 349.00 |
| 05/19/2015 | Efile Payment | Receipt # 2015-52608-CCCLK | Murray, Michael | (349.00) |
| 01/12/2017 | Transaction Assessment | | | 200.00 |
| 01/12/2017 | Efile Payment | Receipt # 2017-03538-CCCLK | Murray, Michael | (200.00) |
| 11/03/2017 | Transaction Assessment | | | 200.00 |
| 11/03/2017 | Efile Payment | Receipt # 2017-83834-CCCLK | Murray, Michael | (200.00) |
| 09/11/2018 | Transaction Assessment | | | 10.00 |
| 09/11/2018 | Efile Payment | Receipt # 2018-60326-CCCLK | Murray, Michael | (10.00) |
| 11/08/2018 | Transaction Assessment | | | 10.00 |
| 11/08/2018 | Efile Payment | Receipt # 2018-74406-CCCLK | Murray, Michael | (10.00) |
| 11/08/2018 | Transaction Assessment | | | 10.00 |
| 11/08/2018 | Efile Payment | Receipt # 2018-74443-CCCLK | Murray, Michael | (10.00) |
| 11/08/2018 | Transaction Assessment | | | 10.00 |
| 11/08/2018 | Efile Payment | Receipt # 2018-74553-CCCLK | Murray, Michael | (10.00) |
| 11/08/2018 | Transaction Assessment | | | 10.00 |
| 11/08/2018 | Efile Payment | Receipt # 2018-74555-CCCLK | Murray, Michael | (10.00) |
| 11/08/2018 | Transaction Assessment | | | 10.00 |
| 11/08/2018 | Efile Payment | Receipt # 2018-74558-CCCLK | Murray, Michael | (10.00) |
| 11/08/2018 | Transaction Assessment | | | 10.00 |
| 11/08/2018 | Efile Payment | Receipt # 2018-74568-CCCLK | Murray, Michael | (10.00) |
| 11/08/2018 | Transaction Assessment | | | 10.00 |
| 11/08/2018 | Efile Payment | Receipt # 2018-74570-CCCLK | Murray, Michael | (10.00) |
| 11/08/2018 | Transaction Assessment | | | 10.00 |
| 11/08/2018 | Efile Payment | Receipt # 2018-74573-CCCLK | Murray, Michael | (10.00) |
| 11/08/2018 | Transaction Assessment | | | 10.00 |
| 11/08/2018 | Efile Payment | Receipt # 2018-74574-CCCLK | Murray, Michael | (10.00) |
| 11/08/2018 | Transaction Assessment | | | 10.00 |
| 11/08/2018 | Efile Payment | Receipt # 2018-74576-CCCLK | Murray, Michael | (10.00) |
| 11/13/2018 | Transaction Assessment | | | 10.00 |
| 11/13/2018 | Efile Payment | Receipt # 2018-74987-CCCLK | Murray, Michael | (10.00) |
| 12/05/2018 | Transaction Assessment | | | 10.00 |
| 12/05/2018 | Efile Payment | Receipt # 2018-80100-CCCLK | Murray, Michael | (10.00) |
| 01/02/2019 | Transaction Assessment | | | 10.00 |
| 01/02/2019 | Efile Payment | Receipt # 2019-00070-CCCLK | Murray, Michael | (10.00) |
| 01/10/2019 | Transaction Assessment | | | 10.00 |
| 01/10/2019 | Efile Payment | Receipt # 2019-01768-CCCLK | Murray, Michael | (10.00) |
| 01/10/2019 | Transaction Assessment | | | 10.00 |
| 01/10/2019 | Efile Payment | Receipt # 2019-01775-CCCLK | Murray, Michael | (10.00) |
| 01/11/2019 | Transaction Assessment | | | 10.00 |
| 01/11/2019 | Efile Payment | Receipt # 2019-02090-CCCLK | Murray, Michael | (10.00) |
| 03/15/2019 | Transaction Assessment | | | 450.00 |
| 03/15/2019 | Efile Payment | Receipt # 2019-16603-CCCLK | Murray, Michael | (450.00) |
| 08/12/2020 | Transaction Assessment | | | 24.00 |
| 08/12/2020 | Efile Payment | Receipt # 2020-44535-CCCLK | Murray, Michael | (24.00) |
| 02/23/2021 | Transaction Assessment | | | 24.00 |
| 02/23/2021 | Efile Payment | Receipt # 2021-10646-CCCLK | Murray, Michael | (24.00) |
| 03/16/2022 | Transaction Assessment | | | 97.00 |
| 03/22/2022 | Transaction Assessment | | | 97.00 |
| 03/22/2022 | Payment (Mail) | Receipt # 2022-17218-CCCLK | Greenberg, Leon | (97.00) |
| 06/03/2022 | Transaction Assessment | | | 146.40 |
| 06/21/2022 | Transaction Assessment | | | 0.20 |
| 06/21/2022 | Payment (Window) | Receipt # 2022-34979-CCCLK | Leon Greenberg, Professional Corp | (146.60) |

**Plaintiff** Nady, Creighton J
Total Financial Assessment 223.00
Total Payments and Credits 223.00
**Balance Due as of 09/29/2023** **0.00**

| Date | Transaction | Receipt | Payer | Amount |
|---|---|---|---|---|
| 10/06/2015 | Transaction Assessment | | | 223.00 |
| 10/06/2015 | Efile Payment | Receipt # 2015-105219-CCCLK | Nady, Creighton J | (223.00) |

**Plaintiff** Reno, Michael
Total Financial Assessment 24.00
Total Payments and Credits 24.00
**Balance Due as of 09/29/2023** **0.00**

| 06/14/2022 | Transaction Assessment | | | 24.00 |
| 06/14/2022 | Efile Payment | Receipt # 2022-33706-CCCLK | Reno, Michael | (24.00) |

**Special Master** Resolution Economics LLC
Total Financial Assessment 5.00
Total Payments and Credits 5.00
**Balance Due as of 09/29/2023** **0.00**

| 02/15/2019 | Transaction Assessment | | | 5.00 |
| 02/15/2019 | Payment (Window) | Receipt # 2019-10115-CCCLK | Dubowsky Law Office, Chtd. | (5.00) |

**Special Master** Rosten, Michael
Total Financial Assessment 3.50
Total Payments and Credits 3.50
**Balance Due as of 09/29/2023** **0.00**

| 07/16/2018 | Transaction Assessment | | | 3.50 |
| 07/16/2018 | Efile Payment | Receipt # 2018-46907-CCCLK | Rosten, Michael | (3.50) |