_____

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
April 25, 2024

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| In re: | ) | Case No.: 22-14361-nmc |
|---|---|---|
| | ) | Chapter 11 |
| A CAB, SERIES, L.L.C. *fka* A CAB, LLC, | ) | |
| | ) | |
| Debtor. | ) | Hearing Date:    March 5, 2024 |
| | ) | Hearing Time:   10:30 a.m. |
| | ) | |

**ORDER DEFERRING CONSIDERATION OF OBJECTION TO PROOF OF CLAIM OF LEON GREENBERG, P.C., CLAIM NO. 16 (ECF NO. 338)[1]**

On March 5, 2024, the Court read an oral ruling, which is fully incorporated herein by reference, denying confirmation of Debtor's Plan (ECF No. 65) ("Plan") and deferring consideration of the Objection to Proof of Claim of Leon Greenberg, P.C., Claim No. 16 (ECF No. 338) ("Claim Objection").  Contemporaneously herewith, the Court is entering an order denying confirmation.  The Court enters this order to clarify the basis for deferring a ruling on the Claim Objection.

Section 7.02 of Debtor's Plan stated:

> Upon the occurrence of the Effective Date, the Murray Adversary shall be remanded, on a limited basis, back to the Nevada State Court for the sole and exclusive purpose of allowing the Murray Appeal, and any further subsequent proceedings related thereto in the Nevada State Court, to proceed for the sole purpose of

---

[1] All references to "ECF No." are to the documents filed in the above-captioned bankruptcy case.

1

determining by Final Order the final Allowed amount, if any, of the claims of the Murray Plaintiffs and/or their counsel.

As stated in the Court's oral ruling, the Claim Objection appears to ask this Court to prematurely rule on the allowance of Proof of Claim No. 16, while the Plan seems to provide for the allowance process to play out in state court after a post-confirmation remand of related litigation. The Court ultimately agreed with claimant, Leon Greenberg, that unresolved issues need to be decided in the litigation at large before the Court may decide on the allowance of the attorney's fees alleged in Proof of Claim No. 16. For this reason, and as further stated in the Court's oral ruling, the Court could not decide the ultimate fate of Proof of Claim No. 16 without the benefit of reviewing the terms of Debtor's amended plan, if Debtor so chooses to file one.

For these reasons,

**IT IS HEREBY ORDERED** that the Court defers a ruling on the Objection to Proof of Claim of Leon Greenberg, P.C., Claim No. 16 (**ECF No. 338**) until further notice.

IT IS SO ORDERED.

Copy sent via CM/ECF ELECTRONIC FILING

Copy sent via BNC to mailing matrix

# # #

2