LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd- Suite 210
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com
ranni@overtimelaw.com

LAW OFFICES OF GABRIEL DEL VIRGINIA
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
gabriel.delvirginia@verizon.net
Admitted *Pro Hac Vice*

Attorneys for Creditor
Leon Greenberg Professional Corporation
Attorneys for *Murray* Case Creditors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

-------------------------------------------------------X

**In re:**

**A CAB, SERIES L.L.C.**
    **fka A CAB, LLC,**

                    **Debtor.**

-------------------------------------------------------X

**Case No. BK-22-14361-nmc**

**Chapter 11**

Hearing Date: August 20, 2024
Hearing Time: 9:30 am

**OPPOSITION TO DEBTOR'S THIRD INTERIM FEE APPLICATION OF LARSON & ZIRZOW, LLC AS BANKRUPTCY COUNSEL FOR THE DEBTOR FOR THE ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**

Michael Murray and 660 additional creditors and Leon Greenberg Professional Corporation (the "*Murray* Case creditors") file this opposition to the Debtor's Third Interim Fee Application of Larson & Zirzow, LLC as Bankruptcy Counsel for the Debtor for the Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred.

**I.    The *Murray* Creditors oppose the fee application to the extent it is unwarranted and the Debtor fails to pay their claims in full.**

The Debtor, consistent with the Court's rulings rejecting its initial Plan of Reorganization (Doc. 482), has proposed an Amended Plan of Reorganization that it asserts will pay the *Murray* Creditors' claims in full.   Whether that Plan will do so is unknown and the *Murray* Creditors will be filing Objections to that Plan.   It is the potential for the Debtor to now pay clearly unwarranted counsel fees from its Estate, and for that Estate to later be unable to fully pay the *Murray* Creditors' claims, that cause the filing of this opposition.

**II.    The Court is urged to deny, at this time, $65,081 of the requested fees and confirm any fee award may be disgorged if the Debtor fails to satisfy all of the *Murray* Creditors' approved claims.**

**A.    The Court is urged to make any fee award expressly subject to re-examination, and potential disgorgement, if the Debtor's Plan fails to fully pay its creditors' approved claims.**

It is well settled that any interim fee award now made pursuant to 11 U.S.C. § 331 is subject to re-examination prior to a final judgment in this case.   *See, In re Strand,* 375 F.3d 854, 858 (9th Cir. 2004) *citing and quoting Matter of Taxman Clothing Co.*, 49 F.3d 310, 314 (7th Cir. 1995) ("[A]ll awards of interim compensation are tentative, hence

reviewable—and revisable—at the end of the case.") (Ordering return to debtor's estate for benefit of creditors $78,000 of interim fees improvidently awarded to debtor's counsel).   The parameters of when such disgorgement should be ordered, a rare occurrence in practice, need not be examined by the Court — and hopefully never will be in this case.   It is requested any order granting a fee award expressly state such award is tentative and subject to further review and potential modification, if requested, prior to final judgment.  The proposed order submitted to the Court contains no such express language.

**B.      Debtor's counsel should not, at this time, be awarded fees of $65,081 for its unsuccessful efforts to confirm the debtor's <u>initial Plan and object to the *Murray* Creditors' claims.</u>**

Debtor's counsel seeks $55,781 in fees for confirmation proceedings in connection with the Debtor's original Plan.  Doc. 525, p. 4, l. 25-27.   Those proceedings conferred no benefit on the Debtor.  That Plan improperly sought to impair the claims of creditors when no basis existed for the Debtor to do so, as the Court correctly found in rejecting it.  Debtor's counsel cannot be presumed to have acted with the proper level of professional judgment in seeking confirmation of that Plan — not in light of the large quantum of evidence presented regarding the Plan's infirmities, its incorrect assumptions, and the significant liquidation value of assets the Plan refused to recognize.  Those requested fees should be denied at this time and the Debtor not granted leave to pay those fees until after it has fully satisfied its creditors' claims.

Debtor's counsel seeks $9,300 for time expended on its unsuccessful objections to the proof of claim of Leon Greenberg P.C., one of the *Murray* Creditors.   Doc. 524, p. 31 of 39, time entries 9/28/23 and 9/29/23 for $7,380 and $1,920.   No sound basis existed for those objections which were rejected by the Court.  Such activities conferred no benefit upon the Debtor's Estate.   Those requested fees should be denied at this time and the Debtor not granted leave to pay those fees until after it has fully satisfied its creditors' claims.

### CONCLUSION

For all the foregoing reasons, the Court should deny, until such time as the Debtor's creditors' claims are paid in full, $65,081 of the fees requested and recite that any award of fees that it does Order is tentative and subject to further review and potential modification, if requested, prior to final judgment.

Dated: August 6, 2024

Respectfully submitted,

**Leon Greenberg Professional Corporation**

By:   /s/ *Leon Greenberg*
       Leon Greenberg (NSB 8094)
       1811 South Rainbow Boulevard, Suite 210
       Las Vegas, Nevada 89146
       Telephone: 702-383-6085
       Facsimile: 702-385-1827
       Email: leongreenberg@overtimelaw.com
       *Counsel to Murray Case Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed using the Court's CM/ECF system on this 6th day of August 2024, which will send electronic notification of this filing to all counsel of record.

*/s/Leon Greenberg*
Leon Greenberg
