LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Reorganized Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 22-14361-nmc<br>Chapter 11 |
| A CAB, SERIES L.L.C, | |
| Debtor. | Date:  August 4, 2026<br>Time: 9:30 a.m. |

**REORGANIZED DEBTOR'S MOTION TO: (I) COMPEL COMPLIANCE
WITH CONFIRMED SUBCHAPTER V CHAPTER 11 PLAN OF
REORGANIZATION, AND (II) IMPLEMENT CONFIRMED PLAN**

A Cab, Series L.L.C., a Nevada series limited liability company, as reorganized debtor (the "A Cab" or the "Debtor" as applicable), submits its motion (the "Motion") seeking to compel compliance with its confirmed *Chapter 11 Plan of Reorganization* (the "Plan") [ECF No. 715, Ex. 1], and to implement its Plan as set forth herein. This Motion is made and based on the points and authorities herein, the *Request for Judicial Notice* (the "RJN") filed in support hereof, the papers and pleadings on file in this case and the related adversary proceeding, judicial notice of which is requested, and any argument at the hearing on the Application.[1]

---

[1] All references to the "Bankruptcy Code" are to title 11 of the United States Code; all references to a "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "LR" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada.

## I. INTRODUCTION

In spite of this Court's clear directive in the Confirmation Order, the confirmed Plan, and the Remand Order (as hereinafter defined) that the removed Murray Adversary was being remanded on a limited basis and for the sole purpose of liquidating the amounts of remaining claims -- namely, all claims for attorney fees' and costs the Plaintiffs' counsel has or could ever assert against A Cab -- the Plaintiffs' counsel (Leon Greenberg, P.C. and Gabroy Messner Law Offices) have openly flouted this directive by still seeking the appointment of a third party claim administrator to oversee Plan distributions and also require A Cab to pay for it -- something this Court clearly and unequivocally rejected. In fact, the State Court overseeing the matter has openly questioned whether A Cab was going to seek relief from the Bankruptcy Court to enjoin the Plaintiffs' improper request in this regard as in violation of what this Bankruptcy Court previously ordered. Accordingly, this Motion follows, as it must, to ensure that the State Court and Plaintiffs' counsel complies with this Court's orders, and in spite of counsels' efforts to work around them post-confirmation in Nevada State Court, and/or impose additional requirements not set forth in the confirmed Plan.

## II. JURISDICTION AND VENUE

On December 12, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing its bankruptcy case (the "Chapter 11 Case"). The Debtor elected to proceed under Subchapter V, and Nathan Smith was been appointed as the Subchapter V Trustee.

The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and LR 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. STATEMENT OF FACTS

A.    **Pre-Petition Proceedings in Nevada State Court.**

A Cab owns and operates a taxi service in Las Vegas, Nevada. The parties have been

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

entangled in litigation in Nevada State Court since 2012 involving claims that A Cab violated its employee drivers' rights under the Nevada Minimum Wage provisions of the Nevada Constitution. Nev. Const. Art. 15, § 16. The Nevada Constitution also provides that a claimant may recover not only its back pay and damages, but also its reasonable attorneys' fees and costs for prevailing in any action to enforce it. Id. § 16(7). In this case, Plaintiffs' counsel's claim for fees and costs far exceeds by orders of magnitude the recovery for individual claimants, and in fact counsel's alleged fees are now, and have been for quite some time, the entire driving force behind the continued pursuit of the case at this point.

**B.     The Chapter 11 Case.**

On December 12, 2022, A Cab filed for chapter 11 bankruptcy protection. On December 14, 2022, A Cab also removed the litigation from Nevada State Court to the Bankruptcy Court, where it was assigned Adversary No. 22-01163-nmc (the "Murray Adversary"). Throughout the pendency of the Chapter 11 Case, although the Plaintiffs requested a remand of the Murray Adversary, and thus to avoid this Bankruptcy Court, they never sought stay relief to allow the litigation to proceed.

On June 3, 2024, A Cab filed its Plan, which proposed to pay the Plaintiffs their allowed claims in full with interest over five (5) years. The parties thereafter briefed numerous issues before the Bankruptcy Court regarding whether A Cab's Plan should be confirmed. On September 11, 2024, the Plaintiffs filed their *Objection to Confirmation* of the Plan. [ECF No. 585]. As part of their Objection, the Plaintiffs argued that the State Court should oversee distributions under the Plan and require A Cab to pay any costs associated with distributing such payments. Id. at pp. 34-35. A Cab opposed such relief. [ECF No. 587, pp. 48-49].

On September 25, 2024, the Bankruptcy Court held a confirmation hearing on A Cab's Plan. At the conclusion of this hearing, the Court requested post-trial briefing from the parties. On October 16, 2024, the Plaintiffs filed their *Post-Confirmation Brief*, wherein it repeated the same request that it had made prior to the confirmation hearing that the Plan should vest administration of the payment of the Plaintiffs in the State Court, and impose the costs of

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

administration on A Cab. [ECF No. 612, pp. 15-16]. A Cab again opposed such an appointment post-confirmation as well. [ECF No. 618, p. 17].

On October 16, 2025, the Bankruptcy Court entered an *Order Confirming Debtor's Amended Chapter 11 Plan of Reorganization* (the "Confirmation Order"), thus confirming A Cab's Plan, as amended in the form as attached thereto as Exhibit 1. [ECF No. 715]. The Confirmation Order provides that "[t]he Court reserves jurisdiction over the interpretation, implementation and enforcement of the Plan and this Confirmation Order." Id. p. 2, ¶ 5. In so doing, the Bankruptcy Court did not adopt the Plaintiffs' argument that a third-party claims administrator should oversee the distributions. Instead, of relevance to the current Motion, Section 7.02 of the Plan provides as follows:

> Upon the occurrence of the Effective Date, the Murray Adversary shall be remanded back to the Nevada State Court, and for the purpose of allowing for any remaining claim adjudications or liquidation of claims to proceed before the Nevada Supreme Court in the Murray Appeal and/or Nevada State Court, as may be necessary; *provided*, *however*, that any payments, distributions, and/or enforcement shall only proceed consistent with the terms and conditions of this Plan, and thus Court expressly reserves jurisdiction over the interpretation, implementation and enforcement of this Plan and such matters. Notwithstanding the foregoing remand, all distributions to any holders of Allowed Claims shall only proceed in accordance with and be fully consistent with the terms and conditions of this Plan, and any order entered by the Nevada State Court that alters or amends the terms and conditions of this Plan shall be of no force or effect.

Plan, p. 12, § 7.02.

The Plan also contains an ample and broad "Retention of Jurisdiction" in § 8.08, which included an express reservation of jurisdiction over, among other matters:

> To modify the Plan or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code; To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan; To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Bankruptcy Court entered in the

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

4

**LARSON & ZIRZOW, LLC**
**850 E. Bonneville Ave.**
**Las Vegas, Nevada 89101**
**Tel: (702) 382-1170    Fax: (702) 382-1169**

Chapter 11 Case; To adjudicate all Claims to a security or ownership interest in any assets, or in any proceeds thereof; To determine all questions and disputes regarding recovery of and entitlement to any property of Debtor, or in any proceeds thereof; To determine issues and disputes concerning entitlement to distributions to be made under and pursuant to the Plan; To enter any order, including injunctions, necessary to enforce the title, rights and powers of Debtor's limitations, restrictions, terms and conditions on such title, rights and powers as the Bankruptcy Court may deem necessary or appropriate; To enter a discharge and final decree closing the Chapter 11 Case; To enforce the provisions of the Bar Date and the Plan; To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof;

Plan § 8.08.

The Bankruptcy Court's written *Findings of Fact and Conclusions of Law* (the "FFCL") entered in support of its Confirmation Order also make clear that "[t]he Plan also provides for a remand of the Murray Adversary back to Nevada State Court <u>for the sole purpose of allowing for a liquidation of remaining claims</u> against the Debtor, Plan § 7.02 (Remand of Murray Adversary) . . ." ECF No. 714, p. 4, ¶ 11, ll. 8-10 (emphasis added). Additionally, the Bankruptcy Court also explained in its FFCLs that:

> The Plan provides that the Murray Case will be remanded back to Nevada State Court upon the Plan's Effective Date, but without prejudice to any matters still pending in the Murray Appeal before the Nevada Supreme Court, which pending matters shall be fully allowed to proceed through to final decision. Plan § 7.02. Further, on remand, the Nevada State Court is permitted to conduct any remaining claim adjudications or liquidation of the amounts of any alleged claims of the Murray Claimants, but is prohibited from enforcing such claims or compelling any collection of them against the Debtor or the Debtor's property (including the appointment of a receiver), except in accordance with the Plan, and is further prohibited from taking any actions that are contrary to the Plan.

<u>Id.</u> p. 11, ¶ 45 (emphasis added).

In addressing the specific argument the Plaintiffs made in their confirmation briefing, the Bankruptcy Court found as follows:

5

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

The Murray Claimants argue that the Nevada State Court should "oversee" the distributions under the Plan, including upon a remand of the Murray Adversary, and that the Plan should provide for the Nevada State Court to appoint a third party administrator to handle distribution of payments to the 661 Murray Claimants and for the Debtor to pay such third party administrator costs. Objection, pp. 34-35. The Murray Claimants' intention in requesting this open-ended provision is apparently to be able to file a motion with Nevada State Court to compel the Debtor to pay for a third-party administrator to handle distributions under the Plan to Class 4.

The Court overrules this argument for various reasons. First, nothing in the Bankruptcy Code requires such a third party administrator, and allowing the Debtor, as a fiduciary, to act as its own disbursement agent under its Plan, is both permitted pursuant to § 1194(b) of the Bankruptcy Code, and is subject to the supervision of the Subchapter V Trustee, the Office of the U.S. Trustee, the Murray Claimants, and this Court, which provides adequate protection under the specific facts and circumstances of this case. Plan § 10.7.

Second, the Court finds the Debtor has a bona fide interest in avoiding the expenses that would be imposed on it if such terms were part of the Plan and the record before the Court is insufficient to justify rejecting Plan confirmation because the Debtor has declined to makes these terms sought by the Murray Claimants part of the Plan. Third, the Court is concerned about ceding control over such a matter to a Nevada State Court, which could impose additional conditions, revisions and costs that are contrary to or inconsistent with the Plan and this Court's jurisdiction.

Id. pp. 19-20, ¶¶ 72-73 (emphasis added).

Finally, in the Murray Adversary, the Court approved a stipulation to disburse funds [Adv. ECF Nos. 36 and 37], which approved a disbursal of certain funds to claimants and the Plaintiffs' counsel, and thereafter entered an *Order Remanding Case* (the "Remand Order") [Adv. ECF No. 38], which sent the Murray Case back to State Court, carefully noted that it was doing so for the purpose of "the liquidation to final amount of any claims against the Debtor, but in all events consistent with the terms and conditions of the Debtor's confirmed Plan, and subject to the jurisdiction of the Bankruptcy Court to interpret, implement and enforce the Plan." [Id. p. 2, ¶ 1]. The Remand Order also again stated that "Nothing herein is intended or should be

construed as altering or amending the terms and conditions of the Debtor's confirmed Plan, the Confirmation Order, or the FFCL, and all proceedings on appeal or remand, as applicable, shall proceed only in accordance with and not in any way contrary to or in contravention of the Debtor's confirmed Plan." Id. ¶ 3.

A Cab's Plan went effective on October 31, 2025. [ECF No. 748]. The Plaintiffs have since filed an appeal from the Bankruptcy Court's Confirmation Order, which appeal is currently pending before the Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") as Appeal No. NV-25-1205. The Plaintiffs never sought or obtained a stay pending appeal, however, and thus the Confirmation Order is a final, effective and fully enforceable order of the Bankruptcy Court. The BAP appeal has been fully briefed, and oral arguments are set to proceed on June 18, 2026. Moreover, the Plaintiffs do not challenge in this appeal the Bankruptcy Court's decision refusing to appoint a third-party claims administrator; rather, the appeal involves whether A Cab was able to deduct certain tax reimbursements to its owner as part of its disposable income calculation under the Plan. The Plaintiffs' BAP appeal is meritless and the Confirmation Order will be affirmed shortly.

### C.    Post-Confirmation.

Post-remand, and in addition to filing various motions seeking the allowance of its attorneys' fees and costs in State Court, on April 22, 2026, the Plaintiffs filed a *Motion to Appoint a Class Action Claims Administrator and Authorizing the Distribution of Fund to Class Claimants* (the "Motion to Appoint"). See RJN, Ex. 1. In its Motion to Appoint, ***and directly contrary to this Court's orders***, the Plaintiffs requested that the State Court appoint ILYM Group as a class action claims administrator, and require A Cab to pay for it.

The Plaintiffs also requested that the State Court enter an order allowing their counsel to release the Plan payments that it was holding (the "Motion to Release"), see RJN Ex. 2, which was not required by the Plan and not authorized by this Court. Again, the litigation was remanded back to the State Court for the sole purpose of adjudicating the allowed amounts of the Plaintiffs' attorneys' fees and costs claims, ***nothing else***. To the extent the Plaintiffs are

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

attempting to "read into" the Plan any need for the State Court to entertain motions for the release of funds while on remand to liquidate the claims – and thus allowing the Plaintiffs' counsel to continue to run up their asserted fee claims post-confirmation — they are acting contrary to the Plan's plain language and, more importantly, the plain language of the Remand Order, which includes a very specific and limited remand.

On May 6, 2026, A Cab filed its omnibus opposition to the Motion to Appoint and the Motion to Release, see RJN, Ex. 3, which extensively went through the Plan, the Confirmation Order and the Remand Order and asserted that the Bankruptcy Court had already addressed this issue and rejected the appointment of a third-party claim administrator, including any effort to require A Cab to pay for its implementation. A Cab also supported it with a substantial Request for Judicial Notice, which had a copy of its confirmed Plan, Confirmation Order, and Remand Order attached. See RJN, Ex. 4 (without voluminous exhibits).

On May 26, 2026, the Plaintiffs filed their joint Reply in support of their Motion to Appoint and Motion to Release. See RJN, Ex. 5.

On June 1, 2026, the State Court entered a *Minute Order* directed to the Motion to Appoint. See RJN, Ex. 6. The State Court mistakenly stated that it did not have a copy of A Cab's Plan, and in spite of it being included in A Cab's Request for Judicial Notice filed in support of its Opposition. The State Court also inquired whether A Cab was going to be filing a request with the Bankruptcy Court to enjoin the Plaintiffs' requested relief. Accordingly, A Cab files this Motion with the Bankruptcy Court to confirm that it is, in fact, seeking to compel performance with its confirmed Plan, and prohibit the appointment of a third-party administrator.

On June 9, 2026, A Cab filed a *Supplement* to its Opposition to the Motion to Appoint, which advised the State Court, within the time required in the Minute Order, that it would seek relief from the Bankruptcy Court on these matters. See RJN, Ex. 7.

Post-confirmation, Leon Greenberg P.C. continues retaining hundreds of thousands of dollars in payments the Debtor has made under its confirmed Plan.

## IV. LEGAL ARGUMENT

Pursuant to § 1141(a) of the Bankruptcy Code, "the provisions of a confirmed plan bind the debtor . . . and any creditor, . . . whether or not the claim or interest of such creditor . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan." 11 U.S.C. § 1141(a). As a result, chapter 11 plan confirmation orders are *res judicata* as to all matters that were or could have been raised prior to its entry, and thus prohibits collateral attacks to their terms post-confirmation. Bullard v. Blue Hills Bank, 575 U.S. 496, 502 (2015) (holding in the context of a chapter 13 plan that "[w]hen the bankruptcy court confirms a plan, its terms become binding on debtor and creditor alike. Confirmation has preclusive effect, foreclosing relitigation of 'any issue actually litigated by the parties and any issue necessarily determined by the confirmation order.'") (citation and quotation omitted); United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010); Debt Acquisition Co. of Am. V, LLC v. Leonard (In re Asset Resolution, LLC), 542 Fed. Appx. 578, 579 (9th Cir. 2013) ("Once a Chapter 11 plan is confirmed, all questions that could have been raised pertaining to the plan are entitled to res judicata effect."); Beck v. Fort James Corp. (In re Crown Vantage, Inc.), 421 F.3d 963, 972 (9th Cir. 2005) ("[a] confirmed reorganization plan operates as a final judgment with res judicata effect.").

Section 1142 of the Bankruptcy Code, entitled "Implementation of plan," provides as follows:

> (a) Notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to financial condition, the debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court.
>
> (b) The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

11 U.S.C. § 1142 (emphasis added).

"Regardless of any plan provision, a bankruptcy court has statutory jurisdiction under 11 U.S.C. § 1142(b) to ensure that any act necessary for the consummation of the plan is carried out and it has continuing responsibilities to satisfy itself that the plan is being properly implemented." Hillis Motors, Inc. v. Hawaii Automobile Dealers' Ass'n, 997 F.2d 581, 587 n.11 (9th Cir. 1993) (collecting cases); Pioneer Liquidating Corp. v. U.S. Trustee (In re Consolidated Pioneer Mortgage Entities), 248 B.R. 368, 384 (B.A.P. 9th Cir. 2000) ("The bankruptcy court's authority under § 1142(b) extends to post-confirmation activities necessary to complete performance under the plan and close the case.").

Section 1143 of the Bankruptcy Code, entitled "Distribution" provides that:

> If a plan requires presentment or surrender of a security or the performance of any other act as a condition to participation in distribution under the plan, such action shall be taken not later than five years after the date of the entry of the order of confirmation. Any entity that has not within such time presented or surrendered such entity's security or taken any such other action that the plan requires may not participate in distribution under the plan.

11 U.S.C. § 1143 (emphasis added).

After entry of the confirmation order, the bankruptcy court retains the power to enter all orders necessary to the administration of the estate. Fed. R. Bankr. P. 3020(d). ("Retained Power to Issue Future Orders Relating to Administration. After a plan is confirmed, the court may continue to issue orders needed to administer the estate."). Likewise, after plan confirmation, "payments under a plan must be distributed to creditors whose claims have been allowed." Fed. R. Bankr. P. 3021(a).

This Court has a critical interest in assuring the Plan that it confirmed is being complied with and implemented, including that allowed claims are being timely being paid thereunder. The Ninth Circuit has adopted the Third Circuit's "close nexus" test for post-confirmation "related to" jurisdiction. Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1194 (9th Cir. 2005) (citing In re Resorts Int'l, Inc., 372 F.3d 154, 166–67 (3d Cir. 2004)). A close nexus exists where a "matter[ ] affect[s] the interpretation, implementation, consummation, execution, or

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

administration of the confirmed plan." <u>Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)</u>, 729 F.3d 1279 (9th Cir. 2013) (bankruptcy court had "related to" jurisdiction over postconfirmation proceeding concerning state tax liability incurred by partners in debtor-partnership as result of settlement incorporated in debtor's confirmed Chapter 11 plan, since alleged breach of liquidation or reorganization plan and related settlement agreement, likely would require interpretation of settlement agreement and plan and claims, and remedies also could affect implementation and execution of as-yet-unconsummated plan itself); <u>In re Valley Health System</u>, 584 Fed. Appx. 477, 478-79 (9th Cir. 2014). The requested relief in this Motion satisfies the required "close nexus" to the Plan, and thus the Court has jurisdiction to direct it.

## V. <u>CONCLUSION</u>

WHEREFORE, L&Z requests that the Court enter an order as follows:

1.     Compelling Leon Greenberg P.C., the Murray Claimants, and the State Court to comply with the confirmed Plan, the Confirmation Order, and the Remand Order, including that:

a.     Any and all claims for attorney's fees and costs asserted by the Plaintiffs' counsel against A Cab are all claims subject to the confirmed Plan, and thus the State Court is only authorized to liquidate those claims to final allowed amounts and shall take no other or additional actions to interpret or enforce any claims against A Cab.

b.     A Cab shall not be responsible for paying for a third-party claims administrator to distribute any funds distributed under or pursuant to the Plan, and any State Court order to the contrary is void ab initio and without effect as being contrary to, and superceded by the Plan.

2.     Compelling Leon Greenberg P.C. to immediately pay any and all allowed individual driver claims in full with any remaining funds on hand, and thereafter any other allowed claims of Plaintiffs' counsel pro rata, and provide an accounting to A Cab and the Court within thirty (30) days of all distributions made to date.

3.     Reserving jurisdiction over the interpretation, implementation, and enforcement of the Plan, the Confirmation Order, and all distributions to allowed claims under the Plan.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

11

Dated: June 16, 2026.

By: /s/ Matthew C. Zirzow
    LARSON & ZIRZOW, LLC
    ZACHARIAH LARSON, ESQ., NBN 7787
    MATTHEW C. ZIRZOW, ESQ., NBN 7222
    850 E. Bonneville Ave.
    Las Vegas, Nevada 89101

    Attorneys for Reorganized Debtor

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169